648 P.2d 350
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Steve LUCERO, Defendant-Appellant.**

**No. 5741.**

Court of Appeals of New Mexico.

June 10, 1982.

Certiorari Denied July 19, 1982.

John B. Bigelow, Chief Public Defender, Ellen L. Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WALTERS, Chief Judge.

Defendant appealed his conviction of commercial burglary, contrary to § 30–16–3(B), N.M.S.A.1978, raising three issues in his docketing statement. We placed the cause on our summary calendar with affirmance proposed. Defendant has now responded with a timely memorandum in opposition to our proposed disposition of two of the issues; the third issue was abandoned. *State v. Martinez,* 97 N.M. 585, 642 P.2d 188 (Ct.App.1982). Defendant challenges (1) the sufficiency of the evidence, and (2) the trial court's ruling admitting

evidence of defendant's prior conviction for criminal damages to property.

Ordinarily, this case would be decided by memorandum opinion. However, because of a recurring misconception apparent in criminal appeals about the admission of prior conviction evidence, we decide the issues argued by defendant and, once again, discuss the provisions of N.M.R.Evid. 609(a), N.M.S.A.1978. We accept as true the facts provided us in defendant's docketing statement and memorandum brief. *State v. Clark*, 89 N.M. 695, 556 P.2d 851 (Ct.App. 1976).

1. *Sufficiency of the Evidence.*

A necessary element of commercial burglary is that the accused have entered the premises with the intent to commit a theft therein. Section 30–16–3, *supra; State v. Madrid*, 83 N.M. 603, 495 P.2d 383 (Ct.App. 1972); *State v. Gutierrez*, 82 N.M. 578, 484 P.2d 1288 (Ct.App.1971); N.M.U.J.I.Crim. 16.20, N.M.S.A.1978. Defendant contends there was no evidence that he intended to commit a theft at the time he entered the premises.

According to defendant and the facts he himself has presented to this court, the evidence was that he entered the premises of Vinton Pike and Steel Company (Vinton) with Paul Chavez, a Vinton yard foreman, late at night. Although Chavez had keys to the gate surrounding the yard, he said he and defendant squeezed through the gate and he then used his keys to enter the building. Chavez said that he took defendant to his place of employment to show him around "and to impress his friend." He testified that it was not until they were inside Vinton's business office that they decided to commit a theft.

There is additional evidence, however, from which proper inferences could be drawn that Chavez and defendant intended to commit a theft at the time they entered the Vinton premises. Chavez admitted that he and defendant had discussed the general topic of committing burglaries earlier in the evening. Vinton's alarm system circuit had been shut off between 12:45 a.m. and 1:00

a.m. on the night of the entry. Chavez had keys to the business office where money was kept, and to the alarm system. He testified that he and defendant Lucero broke the office's plate glass window so it would not appear that an employee had committed the theft. Chavez said that he and Lucero later returned to Vinton to make certain they had left no clues; that at that time he turned off the alarm. There was other testimony, however, establishing that the alarm system would have been set off when the window was broken. The evidence would support the inference that the alarm had been turned off when Chavez and defendant squeezed through the gate and entered the building where they committed the theft. Defendant took the stand and denied having entered the Vinton premises on the night of the burglary.

In reviewing a claim of insufficient evidence, the appellate court views it in a light most favorable to the verdict. *State v. Carter*, 93 N.M. 500, 601 P.2d 733 (Ct.App.1979). Conflicts in the evidence are to be resolved, and all permissible inferences are to be indulged, in favor of the jury's verdict. *Id.* Intent is rarely provable by direct evidence. *State v. Manus*, 93 N.M. 95, 597 P.2d 208 (1979). If there are reasonable inferences and sufficient direct or circumstantial facts, then the issue of intent is determinable by the jury and will not be reweighed by the reviewing court. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App. 1977).

There was sufficient evidence to support the jury's conclusion that defendant had the requisite intent at the time he entered the Vinton premises.

2. *Impeachment by Evidence of Prior Conviction.*

Prior to taking the stand, defendant moved to prevent the State from inquiring into his prior felony conviction for criminal damage to property. He argued that the offense did not involve moral turpitude and that its prejudicial effect outweighed its probative value. In his memorandum op-

posing summary affirmance, he urges that the offense of criminal damage to property does not involve deceit or falsification and, therefore, does not reflect on defendant's veracity. *See State v. Melendrez*, 91 N.M. 259, 572 P.2d 1267 (Ct.App.1977). He further argues that it was more prejudicial than probative because of the similarity between criminal damage to property and the evidence in this case of the smashed window. We are not advised whether this latter argument was raised below but, giving the benefit of doubt to defendant, we assume that it was.

N.M.R.Evid. 609(a), *supra*, reads:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Subsection (a)(2) allows cross-examination regarding conviction of any crime, felony or misdemeanor, if the offense involves dishonesty or false statement. *State v. Melendrez, supra.* Subsection (a)(1) allows cross-examination regarding *any other felony* bearing a penalty of more than one year if the trial court, in its discretion, concludes that its probative value is greater then its prejudice to defendant.

Defendant argues that "this rule is directed to the credibility of the witness, [therefore] the probative value of the prior conviction relates to whether it involved dishonesty or false statement." This argument ignores subsection (a)(1) of the rule, which contemplates admission into evidence of felony convictions, regardless of whether they concerned dishonesty or false statement. The Supreme Court's adoption of Rule 609 is tantamount to a determination

that any felony punishable by imprisonment in excess of one year bears on credibility. We are not authorized to ignore that determination. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). We review the trial court's discretion to admit such evidence only to determine whether discretion was abused. *State v. Sibold*, 83 N.M. 678, 496 P.2d 738 (Ct.App.1972).

The admission of felony convictions for purposes of impeachment is not without reason. A rationale for admitting evidence of offenses not involving deceit is well-stated in *State v. Duke*, 100 N.H. 292, 123 A.2d 745, 746 (1956):

No sufficient reason appears why the jury should not be informed what sort of person is asking them to take his word. In transactions of everyday life this is probably the first thing that they would wish to know.

*See also* 3 Weinstein's Evidence, § 609[02] (1981).

Subsection (a)(1) mandates that the trial court balance the probative value of the evidence against its potential to prejudice the defendant. That requirement emphasizes the concern that defendant be convicted only for the current offense charged and not because of his past bad conduct or reputation. Prior felony convictions ought to be admitted only after the trial court's careful evaluation. *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978). *See Casaus v. State*, 94 N.M. 59, 607 P.2d 596 (1980). The probative value of some kinds of prior convictions on the issue of defendant's credibility is the subject of much disagreement. *Gordon v. United States*, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), quoted with approval in *State v. Melendrez, supra*. Some of the factors which should be considered by the trial court when deciding whether to admit evidence of prior convictions not involving dishonesty, for impeachment purposes, include (1) the nature of the crime in relation to its impeachment value as well as its inflammatory impact; (2) the date of the prior conviction and witness's subsequent history; (3) similarities, and the effect thereof, between the past crime and

the crime charged; (4) a correlation of standards expressed in Rule 609(a) with the policies reflected in Rule 404, N.M.R.Evid., N.M.S.A.1978; (5) the importance of the defendant's testimony, and (6) the centrality of the credibility issue. *U. S. v. Mahone*, 537 F.2d 922 (7th Cir. 1976); *U. S. v. Luck*, 348 F.2d 763 (D.C.Cir.1965); 3 Weinstein's Evidence, § 609[04] (1981).

■ At the appellate level, the consideration narrows to determining only the question of abuse of discretion. *State v. Baca*, 86 N.M. 144, 520 P.2d 872 (Ct.App.1974); *State v. Melendres, supra; State v. Day, supra.* The claim of prejudice merely because the crime did not involve dishonesty denies that the rule provides a second basis for the admission of such evidence. We are not persuaded by the facts of this case that abuse of discretion is established by an alleged similarity between the offenses of criminal damages to property and commercial burglary. The similarity is not obvious.

Abuse of discretion is defined in *State v. Hargrove*, 81 N.M. 145, 464 P.2d 564 (Ct. App.1970), as a ruling clearly against the logic and effect of the facts and circumstances before the court.

Based on defendant's own statements of the facts, we hold that there is sufficient evidence to support defendant's conviction, and that the trial court did not abuse its discretion in permitting evidence of defendant's prior conviction pursuant to Evidence Rule 609, *supra.* The judgment and sentence are affirmed.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.