847 P.2d 746

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jay L. CONN, Defendant–Appellant.**

**No. 12047.**

Court of Appeals of New Mexico.

May 4, 1992.

Certiorari Quashed Jan. 7, 1993.

Tom Udall, Atty. Gen., Margaret McLean, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Susan Roth, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals his convictions for two counts of criminal sexual contact of a minor under thirteen years of age in viola-

tion of NMSA 1978, Section 30–9–13(A)(1) (Repl.Pamp.1984). Defendant argues on appeal that the trial court erred in (1) failing to permit defendant to voir dire the state's expert regarding the acceptability in the scientific community of her method of evaluation; (2) admitting evidence of defendant's prior conviction for aggravated assault; (3) admitting evidence of criminal sexual penetration; and (4) denying defendant's motion for a new trial. Other issues listed in the docketing statement but not briefed are deemed abandoned. *State v. Aragon,* 109 N.M. 632, 788 P.2d 932 (Ct. App.1990). Defendant also filed a motion to amend the docketing statement to include three additional issues: the trial court erred in allowing the state's expert witness on child abuse to testify that the victim was credible; ineffective assistance of counsel; and cumulative error.

In addition to the other issues raised by defendant, the convictions raised the question of whether the trial court erred in not instructing the jury on the element of unlawfulness of defendant's conduct, based on the panel's interpretation of our supreme court's holding in *State v. Osborne,* 111 N.M. 654, 808 P.2d 624 (1991). We thus filed a memorandum opinion on August 22, 1991, reversing defendant's conviction based on this issue. Our supreme court granted certiorari on October 21, 1991 (Cause No. 20,118). It subsequently quashed the writ on January 10, 1992, and remanded the case to this court to consider the four issues raised by defendant, in light of its decision in *State v. Orosco,* 113 N.M. 780, 833 P.2d 1146 (1992). Having now reconsidered this appeal, we reverse on defendant's original issue two and hold that the trial court abused its discretion in admitting evidence of defendant's prior conviction. We therefore remand for a new trial. Because of our disposition, we need not address defendant's motion to amend and other issues raised in this appeal.

## BACKGROUND

The victim, who was ten years old at the time of the alleged incidents, lived in a trailer with her mother, sister, and defendant. At trial, she stated that defendant would awaken her regularly and take her to the living room, where he would remove her garments and "put his penis in [her] vagina." She testified in some detail regarding what transpired in the course of the sexual contact. The victim did not disclose this alleged conduct to anyone until several months later, after she had been repeatedly questioned by her mother, who had observed defendant trying to kiss the victim. The victim's mother and sister testified that they neither noticed nor heard anything unusual during the time that the sexual assaults were alleged to have occurred.

Defendant's defense theory was that the victim had fabricated her story and that her mother's family had put the idea in her head and had told her to lie. There was no medical or physical evidence to support the testimony that the victim had ever been penetrated. However, Section 30–9–13(A)(1), under which defendant was convicted, does not require that penetration occur.

Defendant was convicted on the basis of the victim's testimony and that of the state's expert witness on child abuse, who testified that the victim's responses during psychological examinations were consistent with those of a victim of sexual abuse. *See State v. Newman,* 109 N.M. 263, 784 P.2d 1006 (Ct.App.1989) (therapist allowed to testify that victim's behavior was consistent with that of a sexually abused child).

## DISCUSSION

■ Defendant specifically contends on appeal that admission of his prior conviction was error, that the timing of its introduction had a prejudicial and misleading impact on the jury, and that the prejudice resulting from admission of the evidence outweighed its probative value.

The trial scenario leading to admission of the prior conviction was as follows. During a pause in the presentation of defendant's case, at a bench conference, defendant's trial counsel argued that the prosecutor was required to present a judgment and sentence relating to defendant's prior conviction before defendant could be asked about the matter. At that time, the trial

court expressly observed that the inquiry would be improper for two reasons: (1) the probative value of the admission of a prior conviction for assault in this present case for child sexual abuse would be outweighed by its prejudice; and (2) assuming defendant denied the prior conviction, in the absence of the required documentary evidence, the prosecutor would not have any proof that the conviction had occurred. *See* SCRA 1986, 11–609(A)(1).

Later in the trial, the issue arose once again in the following manner. After conducting redirect examination of defendant, defendant's trial counsel stated that the defense rested. After the trial court had instructed defendant to step down, the prosecutor said that he might ask defendant some additional questions on recross examination. He then requested that the jury be excused. Out of the jury's presence, the prosecutor stated that he had obtained a certified copy of the judgment and sentence relating to defendant's prior conviction. Defendant's trial counsel objected on two grounds: (1) the state could not open a new line of questioning after the defense had rested; and (2) the prosecutor did not have the evidence in his possession until after the defendant had left the stand. The prosecutor's response was two-fold: (1) the issue of defendant's credibility was not a new area but was always at issue when a witness testified; and (2) he had not stated that he had completed his cross-examination of defendant.

The record reflects that the trial court's initial response to this dialogue was to state that the evidence could only be admitted as rebuttal testimony and, repeating its earlier statement, that the resulting prejudice outweighed the evidence's probative value. The trial court then commented that it had excused defendant after a reasonable time, that it seemed as if the prosecutor had trapped defendant, but that it would nevertheless allow the prosecutor's inquiry in the jury's presence. Under objection, defendant's trial counsel asked defendant about the prior conviction, presumably to minimize any possible prejudice.

Rule 11–609(A)(1) provides that evidence of convictions for crimes that do not involve dishonesty and that are less than ten years old may be admitted if the trial court determines that the probative value of the evidence outweighs its prejudicial effect. On two separate occasions during the course of the trial in this appeal, the trial court stated its belief that the evidence was not admissible because its prejudicial effect outweighed any probative value. The trial court's first comment may have been premised on the absence of documents to prove the prior conviction. This premise, however, would have no bearing on the trial court's clear comments of prejudice just before its second ruling, when the prosecutor had stated he had obtained a certified copy of the judgment and sentence. Without considering any argument related to this question or inviting additional comment, the trial court apparently reversed itself and permitted the inquiry.

■ A preliminary question arises whether defendant preserved this issue for appellate review, because the record does not reflect that defendant's trial counsel alerted the trial court to the requisite balancing between prejudicial effect and probative value. We hold, however, that defendant was not required to object on the specific grounds that the trial court had not made the requisite balancing. We do so because the trial court's previous declaration clearly indicated it was aware that Rule 11–609(A)(1) required such a balancing. *See* SCRA 1986, 11–103(A)(1) (specific ground of objection not required if it was apparent from the context); SCRA 1986, 12–216 (it must appear that a ruling or decision was fairly invoked).

Defendant admitted that he had pled guilty to a charge of assault in October 1979. Although it may appear that there is no connection between defendant's prior conviction for assault and the credibility of his testimony to the effect that he denied the victim's allegations, our supreme court has apparently decided otherwise in adopting Rule 11–609(A)(1). *See State v. Lucero,* 98 N.M. 311, 648 P.2d 350 (Ct.App.1982) (felony convictions admissible regardless of

whether they involved dishonesty or false statements).

The specific question before us on appeal is whether the trial court abused its discretion in admitting evidence of the prior conviction. *State v. Hall*, 107 N.M. 17, 751 P.2d 701 (Ct.App.1987). Rule 11–609(A)(1) requires the trial court to determine if the probative value of the evidence outweighs its prejudicial effect to the defendant. *See State v. Lucero.*

■ On the basis of the record before us, it is not clear that the trial court exercised its discretion to perform the required balancing. Although the statements by the court to the effect that the prejudicial effect of the evidence outweighed its probative value indicate that it was aware of the need to perform the balancing, its abrupt reversal indicates that it may not have properly reweighed probative value versus prejudicial effect. Failure to exercise its discretion would be reversible error. *State v. Coca*, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969); *cf. Ranch World of N.M., Inc. v. Berry Land & Cattle Co.*, 110 N.M. 402, 796 P.2d 1098 (1990) (in absence of finding to justify denial of prejudgment interest, denial was abuse of discretion). On the other hand, if the trial court did in fact exercise its discretion, its failure to articulate its exercise of discretion on the record is not necessarily reversible error. *State v. Trejo*, 113 N.M. 342, 825 P.2d 1252 (Ct.App.1991). We note that the better course is for the trial court, when exercising its discretion, to place its findings and reasons for its decision in the record to allow for adequate appellate review, and we encourage trial courts to follow this practice. *See State v. Trejo*. In this appeal, we conclude that, even if the trial court exercised its discretion, the admission of the evidence of defendant's prior conviction was an abuse of discretion.

■ Factors that a trial court should consider in deciding whether to admit evidence of defendant's prior conviction under Rule 11–609(A)(1) include:

"(1) the nature of the crime in relation to its impeachment value as well as its inflammatory impact; (2) the date of the prior conviction and witness's subsequent history; (3) similarities, and the effect thereof, between the past crime and the crime charged; (4) a correlation of standards expressed in Rule 609(a) with the policies reflected in Rule 404, N.M.R.Evid., N.M.S.A.1978; (5) the importance of the defendant's testimony[;] and (6) the centrality of the credibility issue."

*State v. Trejo*, 113 N.M. at 345, 825 P.2d at 1255 (quoting *State v. Lucero*, 98 N.M. at 313–14, 648 P.2d at 352–53). If a ruling admitting evidence of a prior conviction is clearly against the logic and effect of the facts and circumstances before the trial court, the court will be deemed to have abused its discretion. *State v. Trejo; State v. Lucero.* Considering the relevant *Lucero* factors, as applied to the facts of this case, we hold that the court erred in concluding that the probative value of the evidence of defendant's prior conviction outweighed its prejudice. *Id.*

Defendant admitted that he had pled guilty to a charge of assault in October 1979. Although generally a conviction for a crime of violence has less bearing on an individual's honesty than a conviction for a crime involving dishonesty or deceit, *see State v. Trejo*, our supreme court has determined that such convictions are probative of credibility. *See State v. Lucero* (felony convictions admissible regardless of whether they involved dishonesty or false statements).

This court has recently observed that, even if the alleged crime itself did not involve dishonesty, dishonesty is shown when a defendant denies the offense and is subsequently found guilty. *State v. Trejo.* Here, however, defendant did not deny the prior offense but pled guilty instead. Thus, there was no proven dishonesty. This diminishes the probative value of the prior conviction.

The prior conviction occurred in October 1979. Trial in this case was held in late May and early June of 1989. Thus, defendant's prior conviction was very nearly inadmissible under Rule 11–609(B) and its

probative value was weakened by its remoteness. *See State v. Trejo.*

Most importantly, it must be borne in mind that this case essentially turned on the jury's evaluation of the credibility of defendant and the victim. The medical evidence was inconclusive that sexual contact had taken place. The state's expert's opinion (to the effect that the victim's report and tests of the victim were consistent with the victim having been sexually abused) was based to a large extent on the same account of events to which the young victim testified at trial and served to bolster the victim's credibility. At the same time, the evidence of defendant's prior conviction gave the impression of a lack of credibility and was literally the final piece of evidence admitted in the case. The impact it may have had on the jury was thus significant. Although we recognize that when, as here, a defendant's testimony conflicts with that of the state's witnesses, the issue of credibility becomes crucial and the defendant's credibility is subject to impeachment, *see State v. Trejo; State v. Hall,* we do not believe this factor outweighs the remoteness of the conviction and its lack of direct evidence of dishonesty. Under these circumstances, we conclude the resulting error was not harmless. Rather, we believe admission of this evidence was reversible error because of the reasonable possibility that the trial court's failure to exclude the evidence contributed to defendant's conviction. *See Clark v. State,* 112 N.M. 485, 816 P.2d 1107 (1991).

CONCLUSION

In summary, we hold that the trial court abused its discretion in admitting evidence of defendant's prior conviction. We thus reverse and remand for a new trial.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.