847 P.2d 744

**STATE of New Mexico, Petitioner,**

v.

**Jay L. CONN, Respondent.**

No. 20644.

Supreme Court of New Mexico.

Jan. 7, 1993.

Tom Udall, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for petitioner.

Sammy J. Quintana, Chief Public Defender, Susan Roth, Asst. Appellate Defender, Santa Fe, for respondent.

*OPINION*

FROST, Justice.

We granted the State's writ of certiorari to review the Court of Appeals decision overturning the conviction of the defendant Jay L. Conn for criminal sexual contact with a minor in violation of NMSA 1978, Section 30–9–13(A)(1) (Repl.Pamp.1984). For the reasons stated below, we quash the writ of certiorari as improvidently granted.

*FACTS*

A complete recitation of the facts is found in the Court of Appeals opinion, and we will not repeat it here in its entirety. *See State v. Conn,* 115 N.M. 101, 847 P.2d 746 (App.1992). The Court of Appeals reversed Conn's conviction, holding that under SCRA 1986, 11–609(A)(1), the trial court abused its discretion in admitting evidence of Conn's prior conviction of assault. The Court of Appeals held that the timing of the introduction of the impeachment evidence, combined with the specific circumstances which occurred during trial, was prejudicial and that such prejudice outweighed any probative value of the impeachment evidence. *Id.* at 106, 847 P.2d at 751.

The Court of Appeals noted that the trial judge initially determined that the evidence of the prior conviction was inadmissible as unduly prejudicial. The trial court's reluctance to admit that evidence seemed to be primarily based upon the absence of documentary proof of the conviction. Once the prosecution obtained such documentation, however, the trial judge reversed himself and allowed the impeachment. Faced with the prospect of having the prosecution cross-examine the defendant at the end of the trial, defense counsel asked Conn about the prior conviction under objection, and Conn admitted that he had pleaded guilty to the charge. The impeachment evidence literally was the last evidence that the jury heard before it retired for deliberation. *Id.* at 104, 847 P.2d at 749.

The Court of Appeals correctly stated that Rule 11–609(A)(1) allows evidence of prior convictions not involving dishonesty which were committed less than ten years prior to trial to be admitted if the district court determines that the probative value of such evidence outweighs its potentially prejudicial effect. *Id.* at 104, 847 P.2d at 749. The Court of Appeals believed, however, that this last minute effort by the prosecution had a significant impact upon the jury because the Court analyzed the case as having boiled down to a swearing match between the victim and Conn, making his credibility the central issue. Because it believed that the probative value of the prior conviction was questionable on the basis of remoteness and that it lacked direct evidence of dishonesty, the Court of Appeals held that the admission of the prior conviction was reversible error. *Id.* at 106, 847 P.2d at 751.

The State argues that the Court of Appeals opinion conflicts with opinions of this Court and with its own opinions because the opinion essentially safeguards a defendant from legitimate impeachment evidence. In addition, the State claims that the Court of Appeals violated the abuse of discretion standard for reviewing decisions of a district court.

Conn argues that the Court of Appeals properly overruled the trial court and correctly found that it abused its discretion in allowing the admission of evidence of the prior conviction. Conn claims that the Court of Appeals applied the unique facts of his case to Rule 11–609 and correctly determined that the prejudice to him outweighed any possible probative value of the evidence. Thus, Conn asserts that the Court of Appeals opinion is consistent with prior law.

## DISCUSSION

The sole issue before this Court is whether the Court of Appeals erred in determining that the trial court abused its discretion in admitting evidence of the prior conviction. We do not believe that the issue in this case is an appropriate one for exercise of our jurisdiction by writ of certiorari.

Our jurisdiction in certiorari cases does not encompass weighing or reviewing the resolution of factual issues by the Court of Appeals. Our jurisdiction is as follows:

B. In addition to its original appellate jurisdiction, the supreme court has jurisdiction to review by writ of certiorari to the court of appeals any civil or criminal matter in which the decision of the court of appeals:

(1) is in conflict with a decision of the supreme court;

(2) is in conflict with a decision of the court of appeals;

(3) involves a significant question of law under the constitution of New Mexico or the United States; or

(4) involves an issue of substantial public interest that should be determined by the supreme court.

NMSA 1978, § 34–5–14(B) (Repl.Pamp.1990).

### Rule 11–609

The Court of Appeals decision here neither conflicts with earlier decisions of that Court or with any of our decisions as the State suggests. For example, in *State v. Cawley,* 110 N.M. 705, 799 P.2d 574 (1990), the State caught the defendant in a lie when he testified, and we held that the trial court properly allowed for his impeachment with his prior conviction. *Id.* at 711, 799 P.2d at 580. Here, under the threat of cross-examination regarding his prior conviction, Conn admitted to his prior conviction at a time during the trial when given the unusual circumstances of this case, the Court of Appeals believed the jury may have accorded too much weight to such evidence. *Conn,* 115 N.M. at 106, 847 P.2d at 751.

In addition, the Court of Appeals here did not misstate or misapply current law. In *State v. Trejo,* 113 N.M. 342, 825 P.2d 1252 (Ct.App.1991), *cert. denied,* 113 N.M. 524, 828 P.2d 957 (1992), the Court of Appeals reasoned that an act occurring several years before trial and followed by years of lawful conduct is less probative because of the remoteness of the crime. *Id.* 113 N.M. at 346, 825 P.2d at 1256. Conn's

conviction for assault was four months shy of being automatically inadmissible under the ten-year rule. *See* SCRA 1986, 11–609(B) (Cum.Supp.1992). In addition, the *Trejo* court stated that a conviction for a crime of violence has less bearing upon the honesty of a witness than does a conviction of a crime involving fraud or deceit. *Trejo,* 113 N.M. at 346, 825 P.2d at 1256. We cannot say that the Court of Appeals erred in weighing these considerations against allowing the jury to consider all legitimate evidence bearing upon the credibility of Conn, even when the trial boiled down to a swearing match between the victim and the defendant.

Moreover, the question in this case does not involve a significant question of constitutional law or of substantial public interest. *See Deats v. State,* 80 N.M. 77, 80, 451 P.2d 981, 984 (1969) (finding no issue of substantial public interest). Rather, it is a question of fact regarding the district court's exercise of its discretion under Rule 11–609, and it is not within the purview of our jurisdiction on certiorari to resolve mere factual conflicts between the district court of this State and the Court of Appeals.

### Abuse of Discretion

We wish to emphasize, however, that the standard of review for a trial court's application of Rule 11–609 is abuse of discretion. An abuse of discretion in a case such as this can be found only when the trial judge's action was obviously erroneous, arbitrary, or unwarranted. *State v. Williams,* 76 N.M. 578, 582, 417 P.2d 62, 65 (1966); *see also State v. Lucero,* 98 N.M. 311, 314, 648 P.2d 350, 353 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982) (defining the abuse of discretion standard as being "clearly against the logic and effect of the facts and circumstances before the court"). An appellate court should be wary of substituting its judgment for that of the trial court. *See Trejo,* 113 N.M. at 347, 825 P.2d at 1257.

### CONCLUSION

The issue before us is whether the admission of Conn's prior conviction is more prej- udicial than probative under Rule 11–609. The difference of opinion between the district court and the Court of Appeals on that issue is not a proper consideration for this Court by writ of certiorari when none of the conditions in Section 34–5–14(B) are present. Accordingly, the writ of certiorari that we granted is hereby quashed. The opinion of the Court of Appeals in this matter shall be published.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.