This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. 33,612**

**ISIDRO P. ALDAZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant appeals his conviction for aggravated battery against a household member (deadly weapon). Defendant admitted at trial that he attacked the victim but contended that he did not use a baseball bat during the attack. On appeal, Defendant argues that the State impermissibly used a prior conviction for aggravated assault with a deadly weapon to impeach his testimony at trial, that the district court erred in denying his request for a mistrial due to prosecutorial misconduct, and that there was insufficient evidence to support his conviction. Finding none of Defendant's contentions meritorious, we affirm.

{2}     Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve discussion of the pertinent facts for our analysis.

**DISCUSSION**

**Impeachment of Defendant by a Prior Conviction**

{3}     Defendant argues that he was improperly impeached by the introduction of a prior conviction after the State elicited an admission from Defendant to the prior conviction during cross-examination. Defendant admits that this argument was not preserved below. Because this is an unpreserved evidentiary matter, we limit our review to plain error. *State v. Dylan J.*, 2009-NMCA-027, ¶ 15, 145 N.M. 719, 204 P.3d 44.

**{4}** "Plain error is an exception to the general rule that parties must raise timely objection[s] to improprieties at trial[.]" *Id.* (internal quotation marks and citation omitted). In reviewing for plain error, we "look at whether the testimony affected a substantial right of [the d]efendant[;]" however, we apply the doctrine "only if we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Id.* (internal quotation marks and citation omitted); *see also State v. Baca*, 1997-NMSC-045, ¶ 17, 124 N.M. 55, 946 P.2d 1066 (stating that plain error requires "an injustice that creates grave doubts concerning the validity of the verdict"), *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783. Accordingly, "the plain error rule is to be used sparingly." *State v. Paiz*, 1999-NMCA-104, ¶ 28, 127 N.M. 776, 987 P.2d 1163. "In determining whether there has been plain . . . error, we must examine the alleged errors in the context of the testimony as a whole." *Dylan J.*, 2009-NMCA-027, ¶ 15 (omission in original) (internal quotation marks and citation omitted).

**{5}** In this case, we are unpersuaded that the impeachment of Defendant with a prior conviction raises "grave doubts about the validity of the verdict." *Id.* (internal quotation marks and citation omitted). First, it is not immediately apparent that the impeachment was improper under Rule 11-609(A)(1)(b) NMRA (stating that a

3

witness may be impeached with a prior conviction if the prior conviction is less than ten years old and the "probative value of the evidence outweighs its prejudicial effect"). The prior conviction was less than ten years old. Therefore, had an objection been made, it would have been left to the district court to weigh the probative value against its prejudicial effect. Defendant correctly notes that the district court could have concluded that the prior conviction had little probative value due to the remoteness of the conviction and the fact that Defendant pleaded guilty to the previous offense. *See State v. Conn*, 1992-NMCA-052, ¶¶ 17-18, 115 N.M. 101, 847 P.2d 746. On the other hand, the district court could have also determined that the prior conviction was highly probative because of the importance of witness credibility to this case and Defendant's testimony that he would not use a bat to hit the victim although he had previously been convicted of aggravated assault with a deadly weapon. *See State v. Trejo*, 1991-NMCA-143, ¶ 15, 113 N.M. 342, 825 P.2d 1252 (stating that when a trial boils down to a "swearing match between [the d]efendant and the victim . . . it [becomes] more, not less, compelling to explore all avenues which would shed light on which of the two witnesses was to be believed" (internal quotation marks and citation omitted)). Based on the record before us, we cannot say that a decision either way by the district court would have clearly constituted an abuse of discretion.

{6} Second, even if admission of the evidence would have been error, the error "does not create any doubt about the firmness of the verdict." *State v. Contreras*, 1995-NMSC-056, ¶ 24, 120 N.M. 486, 903 P.2d 228. Defendant admitted on the stand to punching and kicking the victim. The main issue was whether he used a bat during the attack. The victim testified that Defendant used two bats, and the victim's treating physician testified that her injuries were consistent with her account. Accordingly, sufficient evidence apart from the admission of Defendant's prior conviction supported the verdict.

**The District Court Did Not Err in Denying Defendant's Request for a Mistrial**

{7} Defendant argues that the district court erred in denying his motion for a mistrial due to the improper conduct of the State during closing argument. The conduct highlighted by Defendant includes references to his prior conviction in order to question his credibility and the State's characterization of points in Defendant's closing argument as "just blatantly not the truth" and "not based on facts."

{8} Defendant did not object to these statements during the State's closing argument. However, after the jury began deliberations, Defendant asserted that the State's closing argument was improper and requested a mistrial. The district court denied the motion due to the untimeliness of the request. Defendant argues on appeal that the district court erred in denying the motion because, although the jury had

5

retired, the court could have issued a limiting instruction or granted a mistrial since no verdict had been rendered.

**{9}** Our review of this issue involves two steps. First, we review whether the district court abused its discretion in denying the motion. Second, because Defendant did not timely object to the State's closing argument, we review whether the State's remarks rose to the level of fundamental error.

**{10}** First, the district court did not abuse its discretion in denying Defendant's request for a mistrial. "[T]he power to declare a mistrial should be exercised with the greatest caution." *State v. Sutphin*, 1988-NMSC-031, ¶ 18, 107 N.M. 126, 753 P.2d 1314. "The trial judge is in a much better position to know whether a miscarriage of justice has taken place and his [or her] opinion is entitled to great weight in the absence of a clearly erroneous decision." *Id.* (internal quotation marks and citation omitted).

**{11}** Defense counsel did not make an objection until the jury retired to begin deliberations. Defense counsel's tardiness prevented the district court from pursuing a less drastic remedy, such as a curative instruction. We have recognized before that a "well-constructed instruction can dissipate the prejudice" from improper evidence or argument. *State v. Gibson*, 1992-NMCA-017, ¶ 37, 113 N.M. 547, 828 P.2d 980; *see also State v. Sosa*, 2009-NMSC-056, ¶ 25, 147 N.M. 351, 223 P.3d 348 (noting

that curative instructions are an appropriate means of remedying improper remarks during closing argument); *cf. Gibson*, 1992-NMCA-017, ¶ 37 ("Failure [by defense counsel] to accept the court's offer of a cautionary instruction may in itself justify a refusal to grant a mistrial[.]") Here, defense counsel purposely waited until after the jury retired to deliberate to seek a remedy for the State's remarks. Due to defense counsel's decision, we cannot conclude that the district court abused its discretion in determining that Defendant's request was untimely. *Cf. Callaway v. State*, 1990-NMSC-010, ¶ 8, 109 N.M. 416, 785 P.2d 1035 (concluding that the district court abused its discretion in not pursuing other avenues before granting a mistrial, especially where a curative instruction would have likely cured the prejudice).

{12}    Second, we are unpersuaded that the State's remarks rose to the level of fundamental error. Under the doctrine of fundamental error, an appellate court has the discretion to review an error that was not preserved if a defendant's conviction "shock[s] the conscience" of the Court because either (1) the defendant is "indisputably innocent" or (2) "a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶¶ 8, 17, 135 N.M. 621, 92 P.3d 633 (internal quotation marks and citation omitted). When reviewing for fundamental error, we "first determine if error occurred; if so, we next determine whether that error was

7

fundamental." *Campos v. Bravo*, 2007-NMSC-021, ¶ 8, 141 N.M. 801, 161 P.3d 846. In the context of prosecutorial misconduct, we "must be convinced that the prosecutor's conduct created a reasonable probability that the error was a significant factor in the jury's deliberations in relation to the rest of the evidence before them." *Sosa*, 2009-NMSC-056, ¶ 35 (internal quotation marks and citation omitted).

**{13}** The State's remarks in this case regarding Defendant's prior conviction, while cloaked as questioning the credibility of Defendant, certainly toed the line of inviting a propensity rationale. That is, the remarks can reasonably be construed to invite the jury to make an impermissible link between Defendant's prior conviction for aggravated assault with a deadly weapon and the question whether Defendant used a bat during the attack.

**{14}** That said, the record in this case does not compel the conclusion that a mistake in the process made Defendant's conviction fundamentally unfair. *Barber*, 2004-NMSC-019, ¶¶ 8, 17. The remarks, in the context of the closing argument as a whole, were not so pervasive or prejudicial as to deprive Defendant of a fair trial. *See Sosa*, 2009-NMSC-056, ¶ 26 (stating that one factor in determining whether error exists due to statements made in closing argument is "whether the statement is isolated and brief, or repeated and pervasive").[1] The thrust of the State's closing argument was that

---

[1] It is disappointing to see as often as we do prosecuting attorneys stepping over the line in questioning witnesses or in closing argument without consequences.

8

the testimony from both the victim and the treating physician, in addition to the photos of the injuries, supported her account that Defendant used a baseball bat during the attack. Furthermore, the State's comments regarding defense counsel's closing argument, while perhaps lacking in tact, did not rise to the level that shocks the conscience of this Court. *Cf. id.* ¶ 23 (analyzing statement by the prosecutor questioning the defense counsel's view of the evidence and concluding that it was an "appropriate use of rebuttal"). Finally, as we noted above, we cannot conclude that the State's remarks, given the evidence against Defendant, "materially altered the trial or likely confused the jury by distorting the evidence[.]" *Id.* ¶ 34. Accordingly, we decline to upset the jury's verdict on the basis of fundamental error. *Id.* ¶ 35.

**Cumulative Error**

{15}    Defendant argues that the combined errors at trial constitute cumulative error and compel reversal. "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Guerra*, 2012-NMSC-014, ¶ 47, 278 P.3d 1031 (internal quotation marks and citation omitted). Because we have not found that any of Defendant's previous points

Sometimes, where there is a timely defense objection, in lieu of granting a mistrial perhaps the district court should admonish the prosecuting attorney in the presence of the jury as well as issue a curative instruction.

constituted error, we conclude that cumulative error is of no assistance to Defendant in this case.

**Sufficiency of the Evidence**

{16}     Defendant argues that there was insufficient evidence supporting his conviction because the State did not prove beyond a reasonable doubt that he was the assailant. Defendant contends that the victim, who died before trial, never specifically identified him as the perpetrator. "In reviewing the sufficiency of the evidence, [an appellate court] must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

{17}     We are unpersuaded by Defendant's argument. The victim's statement identifying "Isidro Aldaz" was introduced in evidence at trial. More importantly, Defendant's argument seems to ignore the fact that he admitted at trial and also in briefing on appeal that he attacked the victim. Accordingly, sufficient evidence existed to conclude that Defendant was the assailant.

**CONCLUSION**

{18}     For the foregoing reasons, we affirm the district court.

{19}     **IT IS SO ORDERED.**

10

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**