2003-NMCA-014

61 P.3d 837

**MISSISSIPPI POTASH, INC., A
Mississippi Corporation,
Employer–Appellee,**

v.

**Ricky LEMON, Employee–Appellant,**

and

**New Mexico Department of Labor,
Employment Security Division,
Appellee.**

No. 22,044.

Court of Appeals of New Mexico.

July 31, 2002.

W.T. Martin, Jr., Law Offices of W.T. Martin, Jr., P.A., Carlsbad, NM, for Appellee.

Jeffrey B. Diamond, Jeff Diamond Law Firm, Carlsbad, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} The opinion filed in this case on June 6, 2002 is hereby withdrawn and the following substituted therefor. The motion for rehearing is denied.

{2} Employee appeals the denial of unemployment benefits based on a finding of misconduct. The Employment Security Division determined that Employee was fired for being intoxicated at work. The central issue in this case is whether an administrative board of review has the authority to exclude evidence and substitute its own factual findings for those of the hearing officer in an administrative adjudication when it determines that the hearing officer considered improper evidence. We examine the authority of an administrative board of review to exclude evidence, and we hold that the board of review properly exercised its authority to exclude evidence that it did not consider competent, relevant, or reasonable. Accordingly, we reverse and reinstate the board of review's award of unemployment benefits.

*Factual and Procedural Background*

{3} Ricky Lemon (Employee) was employed by Mississippi Potash, Inc. (Employer) and its predecessors at the same mine for thirty years when he attempted to hot wire a front end loader to get it started. The machine lurched forward, but a concrete curb prevented it from plunging into a ditch where another employee was working. After the incident, at Employer's request, Employee submitted to a urine analysis test. The test indicated the presence of alcohol in the amount of 206 ml/dl.

{4} According to Employer's Drug and Alcohol Policy, an employee will be discharged if found to have in his or her system "a work-impairing level of alcohol which for purposes of [the] policy is defined as the amounts specified in New Mexico State Code Section 66–8–102A." The policy was subsequently amended to refer to "Section 66–8–102C," which establishes the concentration of eight one-hundredths blood alcohol as the standard for a "per se" violation of the DWI statute. See, e.g., *State v. Baldwin*, 2001–NMCA–063, ¶ 2, 130 N.M. 705, 30 P.3d 394. Both parties agree that NMSA 1978, § 66–8–102(A) (1999) is the applicable standard in this case. Employer decided that Employee had exceeded the limit imposed by the policy and fired Employee.

{5} Shortly thereafter, Employee applied for unemployment benefits. The Employment Security Division of the New Mexico Department of Labor denied Employee's claim pursuant to NMSA 1978, § 51–1–7(B) (1991), determining that Employee was discharged for misconduct. Employee appealed the denial to the appeal tribunal, which affirmed the denial of benefits. Employee further appealed to the board of review of the New Mexico Department of Labor. The board of review reversed the decision of the appeal tribunal, determining that the appeal tribunal's conclusion that Employee was terminated for having excessive alcohol in his system was factually unsubstantiated and insufficient to establish a finding of misconduct. The board of review found that Employer did not present any evidence concerning the collection and testing procedure utilized. Additionally, the board of review found the record lacking of any allegations of odor of alcohol or alcohol-related physical symptoms that could be attributed to Employee at the time in question. The board of review awarded unemployment benefits to Employee.

{6} Employer applied for a writ of certiorari to the district court. The district court granted the writ and reversed the board of review on the grounds that substantial evidence supported the hearing officer's decision. Implicit in the district court's decision is the determination that the board of review did not have the authority to exclude from consideration the evidence relied upon by the hearing officer. Employee appeals to this

Court from the district court's decision pursuant to NMSA 1978, § 51–1–8(N) (1998). Under that statute, we review the final decision in accordance with the regular rules of appellate procedure. Id.; compare *C.F.T. Dev., LLC v. Bd. of County Comm'rs*, 2001–NMCA–069, ¶¶ 6, 11, 130 N.M. 775, 32 P.3d 784 (applying the more limited standard of review to agency decisions placed under the authority of NMSA 1978, § 39–3–1.1 (1999)).

*Standard of Review*

▐▐ {7} When this Court reviews a final administrative decision concerning unemployment benefits, we begin by determining " 'whether the decision presents a question of law, a question of fact, or some combination of the two; and whether the matter is within the agency's specialized field of expertise.' " *Fitzhugh v. N.M. Dep't of Labor*, 1996–NMSC–044, ¶ 21, 122 N.M. 173, 922 P.2d 555 (quoting *Morningstar Water Users Ass'n v. N.M. Pub. Util. Comm'n*, 120 N.M. 579, 582, 904 P.2d 28, 31 (1995)). We may substitute our interpretation of the law for that of the agency because it is a court's role to interpret the law. *Id.* ¶ 22. We may accord the agency some deference in certain legal or factual matters of the agency's specialized field of expertise, *id.*, but there is no contention that such deference is applicable in this case. We independently employ a whole record standard of review and will affirm the agency's decision only if it is supported by the applicable law and substantial evidence in the record as a whole. *Id.* ¶¶ 23, 24.

{8} "The party challenging an agency decision bears the burden on appeal of showing 'that agency action falls within one of the oft-mentioned grounds for reversal including whether the decision is arbitrary and capricious; whether it is supported by substantial evidence; and whether it represents an abuse of the agency's discretion by being outside the scope of the agency's authority, clear error, or violative of due process.' " *Id.* ¶ 25 (quoting *Morningstar Water Users Ass'n*, 120 N.M. at 582, 904 P.2d at 31); Rule 1–077(J) NMRA 2002.

*Review by District Court and Board of Review*

▐▐ {9} In its appellate capacity, the district court applies the same standard of review articulated above. Rule 1–077. In this case, the district court entered its own findings of fact and conclusions of law. A district court may do so if it determines that the department's findings are not supported by substantial evidence. *Abernathy v. Employment Sec. Comm'n*, 93 N.M. 71, 72, 596 P.2d 514, 515 (1979). The district court found that Employer had a policy of prohibiting an employee from having in his system any "drug or alcohol." It considered the urine analysis results and found that Employee did not "challenge the propriety of the urine test" or object to its "admission or consideration." The district court concluded that it could only consider the evidence presented at the original hearing and review whether there was substantial evidence to support the decision of the hearing officer.

{10} The district court erred in this conclusion because the agency decision before it was that of the board of review, not the appeal tribunal. We discuss the hearing and appeals process within the agency to explain.

{11} The review process within the Department of Labor begins when an employee appeals a denial of unemployment benefits made by a claims examiner. Unless the employee appeals, this determination is the final decision of the division. Section 51–1–8(B). An appeal from the claims examiner's determination is made to a hearing officer in the appeal tribunal for a hearing that is held de novo. Section 51–1–8(D). The hearing officer issues findings of fact and issues a decision affirming, modifying, or reversing the determination of the claims examiner. Id. Unless an appeal is taken, this decision is the final decision of the department. Id. An appeal from the hearing officer's decision is made to the Secretary of the Department of Labor, who may refer the matter to the board of review. Section 51–1–8(F), (G), and (H). The board of review may act on the decision of the hearing officer, or remand the matter to the claims examiner or hearing officer for further proceedings. Section 51–1–8(G). The decision of the board of review is the final agency decision if the matter is not remanded. Section 51–1–8(H).

{12} Unemployment security hearings, like many other kinds of administrative hearings, are meant to be less formal than trials. See *Warren v. Employment Sec. Dep't*, 104 N.M. 518, 519, 724 P.2d 227, 228 (1986); Section 51–1–8(J); 11 NMAC 3.500.510.2 (1998). Indeed, unemployment compensation hearings are not bound "by common law or statutory rules as to the admissibility of evidence or by technical rules of procedure." 11 NMAC 3.500.510.2. In other words, the Rules of Evidence and the Rules of Civil Procedure that apply to actions originating in district court are inapplicable in this context. However, this simplification of the hearings does not mean that the hearing officer must consider all the evidence that a party seeks to submit. The hearing must comport with due process and be conducted in such a manner as to ascertain the substantial rights of the parties. Id.; see also *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 109, 835 P.2d 819, 825 (1992) (stating that "[d]ue process safeguards are particularly important in administrative agency proceedings because 'many of the customary safeguards affiliated with court proceedings have, in the interest of expedition and a supposed administrative efficiency, been relaxed' " (quoting *Reid v. N.M. Bd. of Exam'rs*, 92 N.M. 414, 416, 589 P.2d 198, 200 (1979))). Significantly, the appeal tribunal or the board of review may, even on its own initiative, "exclude testimony and evidence which it finds to be incompetent, irrelevant or otherwise improper by standards of common reasonableness." 11 NMAC 3.500.510.2. Thus, because the board of review can modify the hearing officer's decision, it has the authority to modify that decision if the hearing officer has received evidence which the board of review considers improper.

{13} In this case, the appeal tribunal found that the laboratory results translated to "1.5 on the scale used by the state of New Mexico to establish intoxication." The board of review determined that the record contained insufficient evidence to conclude that Employee violated Employer's drug and alcohol policy or was under the influence of intoxicants. The board of review found, based on the record, that Employer presented no evidence regarding the testing and collection procedures and that there was no corroborating evidence of intoxication, such as odor or physical symptoms. In effect, the board of review found that the testimony of Glen Moore, Employer's Personnel and Benefits Administrator, interpreting the test results to mean that Employee was intoxicated, was not of a type generally considered proper or reasonable. The board of review exercised its authority, under the Department of Labor rules and within its statutory authority, to exclude this testimony that it did not consider reasonable or proper. As a result, the board of review acted within its authority to reverse the decision of the appeal tribunal.

{14} While the district court correctly concluded that the only evidence that it may consider on appeal was the evidence presented to the hearing officer, the decision that was the proper subject of review was that of the board of review, rather than the appeal tribunal. See § 51–1–8(N) (stating that under the Unemployment Compensation Law, the district court reviews the ultimate decision of the agency to ensure a correct application of the law, including rules of interpretation issued by the secretary, and the facts of the case). The district court's decision seems to suggest that the board of review exceeded its scope of authority in its consideration of the evidence. In doing so, the district court did not grant the board of review its proper authority to exclude evidence and substitute its own findings of fact for those of the hearing officer. See § 51–1–8(G). The district court's role was to conduct a review of the board of review's decision based on the whole record. When we analyze the record based on the decision of the board of review, we do not find error in the grant of unemployment benefits.

*Our Substantial Evidence Review*

{15} The only evidence that we glean from the record indicating possible intoxication is the accident itself and the subsequent urine analysis. The parties do not dispute that there is no evidence that anyone detected an odor of alcohol or observed any physical symptoms associated with alcohol impairment at the time of the accident and

Employer does not argue that the accident alone is sufficient to establish intoxication. The basis of the appeal tribunal's determination that Employee violated Employer's drug and alcohol policy was as follows: "The urine analysis came back positive. The standard used by the laboratory indicated 206 ml/dl. This translated to approximately 1.5 on the scale used by the state of New Mexico to establish intoxication."

{16} Significantly, Employer makes no attempt to argue that Mr. Moore's testimony was competent or relevant evidence, rather it argues that Employee is bound by the evidence for various other reasons. First, Employer argues, and the district court found, that Employee is bound by the testimony because he failed to object. However, our review for substantial evidence is of the whole record, looking at the evidence that is both favorable and unfavorable. *Fitzhugh*, 1996–NMSC–044, ¶¶ 23–24, 122 N.M. 173, 922 P.2d 555. A failure to object does not affect our whole record review of the evidence.

{17} Employer also argues, and the district court found as fact, that Employee did not present evidence controverting Mr. Moore's testimony. Employer argues that Employee is therefore bound by this testimony. We do not agree. Employee's failure to present evidence controverting Mr. Moore's testimony does not make the testimony any more reliable or valid. Employer had ample opportunity to present evidence in support of its contentions and failed to do so to the board of review's satisfaction. As the board of review noted, the test results were unaccompanied by any certification assuring that proper collection or testing procedures were followed. See *Bransford v. State Taxation & Revenue Department,* 1998–NMCA–077, ¶ 10, 125 N.M. 285, 960 P.2d 827. The test results were also unaccompanied by any means of translating them into a form that would provide a meaningful determination with respect to Employer's drug and alcohol policy. *Id.* ¶ 8. Under these circumstances, we find no reason to reverse the board of review's decision to exclude the evidence from consideration.

*Additional Evidence Before the Board of Review*

{18} Finally, Employer argues that the board of review improperly reached its conclusion by relying on additional evidence provided after the initial hearing. Employee provided the board of review an affidavit containing an expert opinion that a urine analysis was not an accurate scientific means of determining blood alcohol content in comparison to a breathalyser or a blood test. The district court correctly did not consider this affidavit.

{19} There is no evidence, however, that the board of review relied on the affidavit in reaching its conclusion. The board of review correctly determined that Employer failed to establish misconduct. The affidavit controverting the testing method was irrelevant to the question of whether Employer established Employee's intoxication before the hearing officer in the first place.

{20} Because we hold that substantial evidence supports the board of review's decision to grant Employee unemployment compensation benefits, we need not address Employee's argument that intoxication under Employer's policy based on Section 66–8–102(C) must be derived from a breathalyser or blood test.

*Conclusion*

{21} For the reasons stated above, we reverse the district court's decision and affirm the decision of the board of review.

{22} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and IRA ROBINSON, Judges.