This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS,**

Petitioners-Appellants,

**v.**                                                                    **NO. 30,814**

**COLD FRONT DISTRIBUTION, LLC.,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Department of Workforce Solutions
Clyde D. DeMersseman, General Counsel
Albuquerque, NM

for Appellant

Civerolo, Gralow, Hill & Curtis, P.A.
Lisa Entress Pullen
M. Clea Gutterson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Appellant, the Department of Workforce Solutions (the Department), appeals

the district court's order reversing the decision of the Board of Review for the Workforce Transition Services Division (the Board) and denying Claimant unemployment benefits. We granted the Department's petition for certiorari and issued a notice of proposed summary disposition proposing to reverse. Employer, Cold Front Distribution, has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore reverse the district court.

Claimant applied for unemployment benefits after he was terminated from employment with Employer. The Appeals Bureau, following a hearing before the administrative law judge (ALJ), determined that Claimant was not discharged for misconduct, and was therefore not subject to disqualification from benefits pursuant to NMSA 1978, Section 51-1-7-(A)(2) (2005) (stating that an individual shall not be eligible for unemployment benefits if the individual is discharged for misconduct related to employment). Employer appealed to the Board, which affirmed the decision of the Appeals Bureau. Employer then appealed to the district court.

The district court reversed the Board's decision determining that: (1) the district court was in as good a position to determine witness credibility as the Board because the hearing before the Board was conducted telephonically, (2) Employer was more credible than Claimant because there were inconsistencies in Claimant's testimony, and (3) because the ALJ had determined that Claimant was credible when he was not,

2

all of the ALJ's findings based on Claimant's testimony were suspect. Based on this, the district court concluded that the Board's determination that Claimant was not terminated  from his employment for misconduct was arbitrary and capricious and reversed the Board's decision.

We hold that this constitutes reversible error.  Rule 1-077(J) NMRA, governing the scope of the district court's review of appeals involving unemployment compensation law, states:

> The district court shall determine the appeal upon the evidence introduced at the hearing before the board of review or secretary of the Employment Security Division.  The district court may enter an order reversing the decision of the board of review or the secretary if it finds that:
>
> (1)     the board of review or secretary acted fraudulently, arbitrarily or capriciously;
>
> (2)     based upon the whole record on appeal, the decision of the board of review or secretary is not supported by substantial evidence; or
>
> (3)     the action of the board of review or secretary was outside the scope of authority of the agency.

*See Mississippi Potash, Inc. v. Lemon*, 2003-NMCA-014, ¶ 8, 133 N.M. 128, 61 P.3d 837 (stating that the party challenging an agency decision bears the burden

on appeal of showing that agency's decision is arbitrary and capricious, not supported by substantial evidence, or represents an abuse of the agency's discretion by being outside the scope of the agency's authority). The rule thus provides for whole record review in the district court. *See also Chicharello v. Employment Sec. Div.*, 1996-NMSC-077, ¶ 1, 122 N.M. 635, 930 P.2d 170 (stating that review of a decision of the board of review to deny unemployment benefits is whole record review).

When engaged in whole record review of a decision of an administrative agency, it is improper for the district court to reweigh the evidence or substitute its assessment of witness credibility for that of the agency. *See generally Easterling v. Woodward Lumber Co.*, 112 N.M. 32, 37, 810 P.2d 1252, 1257 (Ct. App. 1991) ("In making a whole record review, it is not a function of this court to reweigh the evidence."); *Garcia v. Borden, Inc.*, 115 N.M. 486, 491, 853 P.2d 737, 742 (Ct. App. 1993) (stating that under a whole record standard of review the reviewing court does not weigh the credibility of witnesses and stating that simply because a witness's testimony was inconsistent or contradictory in part does not require that such testimony be disregarded); *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127-28, 767 P.2d 363, 366-67 (Ct. App. 1988) (noting that even under whole record review a reviewing court may not reweigh the evidence), *modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶ 27, 131 N.M. 272, 34 P.3d 1148. In this case, the district court's determination that the agency's decision

4

was arbitrary and capricious was based on its substitution of its own credibility assessment for that of the ALJ. This is not a basis on which the district court may reverse the decision of the administrative agency. *See* Rule 1-077(J).

In its memorandum in opposition, Employer argues that the district court acted properly in determining that Claimant's testimony that he was unaware of Employer's policy was not credible in light of all the other evidence in the record. [MIO 3] Employer argues that the district court, when engaged in whole record review, is entitled to find a witness's testimony to be not credible when compared with all of the other evidence in the record. [MIO 5-6] However, we disagree with Employer's assertion that all the other evidence in the record indicated that Claimant was not credible when he said that he was unaware of Employer's policy. Based on our review of the record, the Board found that Claimant had been informed by the warehouse manager that he could do whatever he wanted with the expired food. Rene Valdez, Claimant's former supervisor, testified that Employer did not have a written policy governing disposal of out of date food and that the policy changed several times before the current policy was implemented. We believe this evidence and Claimant's testimony is sufficient to support the Board's conclusion that Claimant was unaware of Employer's policy when he acted. Although Employer testified that he told Claimant about the policy at some point during the training process, neither the ALJ nor the Board was required to accept this testimony, and could find that Claimant

5

was not aware of the policy, as he testified.

Employer argues that the evidence is undisputed that Claimant deviated from his established route, met his brother in a park, and was untruthful about disposing of the pizzas in a dumpster. [MIO 6] Employer argues that this evidence justifies the district court's determination that Claimant was not credible. We disagree. Even if this evidence were undisputed, we do not believe it is not sufficient to overcome the ALJ's determination that Claimant was not aware of Employer's policy when he disposed of the pizzas. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached."). To the extent that Employer argues that evidence that suggests that Claimant was untruthful in one aspect of his testimony is sufficient to allow the district court to reject the Board's conclusion that he was unaware of Employer's policy governing out of date food disposal, this is inconsistent with whole record review. *See Garcia v. Borden, Inc.*, 115 N.M. 486, 491, 853 P.2d 737, 742 (Ct. App. 1993) (stating that under a whole record standard of review the reviewing court does not weigh the credibility of witnesses and stating that simply because a witness's testimony was inconsistent or contradictory in part does not require that such testimony be disregarded).

Employer also asks this Court to affirm the district court's denial of

6

unemployment benefits to Claimant on the theory that it is right for any reason. *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (stating that an appellate court may affirm a trial court's ruling on a ground that was not relied below if reliance on the new ground would not be unfair to the appellant). Employer again points to evidence in the record that Claimant deviated from his route, gave the pizzas to his brother, told Employer that the pizzas had been put into a dumpster, and returned the pizzas to Employer the next morning. Employer argues that, in light of this evidence, it was unreasonable and irrational for the Board to conclude that Claimant did not know that he was acting contrary to Employer's instructions with respect to the pizza. [MIO 8]

We decline to affirm the district court on this basis. As we noted above, the Board's conclusion that Claimant was unaware of Employer's policy was supported by evidence in the form of Claimant's testimony and by Mr. Valdez' testimony that no written policy had been given to the employees and that the policy had been changed several times. Contrary evidence in the record, even evidence suggesting that a witness was not entirely credible, does not provide a basis for a reviewing court to declare an administrative agency finding unreasonable and irrational under whole record review. *See Easterling v. Woodward Lumber Co.*, 112 N.M. 32, 37, 810 P.2d 1252, 1257 (Ct. App. 1991) ("In making a whole record review, it is not a function of this court to reweigh the evidence. The judge could give such weight as he deemed

7

appropriate to the testimony of worker and his witnesses."); *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 ("'Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact.'" (citation omitted)). Here, the district court explicitly exceeded the boundaries of whole record review in its review of the evidence, to make credibility determinations and reweigh the evidence. To countenance a result based on 'right for any reason' in this case would place us in the same position, and we decline Employer's invitation to travel to that destination.

For these reasons, we reverse the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**