**Certiorari Denied, June 19, 2013, No. 34,169**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:  2013-NMCA-079**

**Filing Date:  April 23, 2013**

**Docket No. 32,149 (consolidated with 32,256)**

**ROBERT NARVAEZ,**

        **Petitioner-Appellant,**

**v.**

**NEW MEXICO DEPARTMENT OF**
**WORKFORCE SOLUTIONS, and**
**SOUTHWEST TYRE LTD.,**

        **Respondents-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

New Mexico Legal Aid
Alicia Clark
Albuquerque, NM

for Appellant

New Mexico Department of Workforce Solutions
Office of General Counsel
Marshall J. Ray
Rudolph P. Arnold
Albuquerque, NM

for Appellees

**OPINION**

**WECHSLER, Judge.**

**{1}**     The Department of Workforce Solutions (the Department) granted Petitioner Robert

Narvaez unemployment benefits for thirteen months before disqualifying him from benefits and requiring that he repay the benefits because his misconduct caused his employment separation. We reverse the district court's order upholding the Department's action because the Department did not proceed in accordance with the Unemployment Compensation Law, NMSA 1978, §§ 51-1-1 to -59 (1982, as amended through 2012) and the Department's regulations.

**BACKGROUND**

{2}    Petitioner was employed by Respondent Southwest Tyre Ltd. (Employer). Employer terminated Petitioner and another worker for fighting. Petitioner filed a claim with the Department for unemployment benefits on May 16, 2010, his last day of work. Employer did not respond to the Department's request for information concerning the termination. The Department granted benefits for the benefit year ending May 14, 2011, beginning the week ending May 29, 2010. Petitioner filed a second claim for benefits for a new benefit year on May 15, 2011. Employer again did not contest the claim.

{3}    On June 28, 2011, the Department initiated telephone contact with Petitioner and Employer. A memorandum concerning the telephone contact with Employer indicates that the telephone contact was the first time Employer responded to the Department concerning the reason for Petitioner's separation from employment. Employer informed the Department, as did Petitioner at that time and in his original claim, that Petitioner was fired for fighting with another employee.

{4}    On the same day, June 28, 2011, the Department sent Petitioner a notice of claim determination, informing him that he was disqualified from receiving benefits because of his misconduct for fighting on the job. It also sent Petitioner an overpayment notice, informing him that he was liable to repay the Department for fifty-eight weeks of benefits in the amount of $27,902.

{5}    Petitioner filed an administrative appeal. An administrative law judge determined on behalf of the Department's appeals tribunal that Petitioner was disqualified from benefits but did not address overpayment. The Department's board of review affirmed the decision. The district court issued a writ of certiorari, and, upon review of the administrative proceeding, upheld the decision of the board of review. It concluded that Petitioner did not appeal the overpayment notice.

{6}    Petitioner filed a notice of appeal in which he states that he is contemporaneously filing a petition for writ of certiorari in order to ensure his appellate rights. Without objection, we consider the appeal. Petitioner argues several issues relating to the Department's failure to follow the time lines of the Unemployment Compensation Law and the Department's regulations, the Department's failure to accept Petitioner's overpayment appeal, due process, and estoppel. Because it is dispositive of the case, we address only Petitioner's argument concerning the Unemployment Compensation Law and the

2

regulations.

## STANDARD OF REVIEW

**{7}** When reviewing an administrative decision regarding unemployment benefits, "[w]e independently employ a whole record standard of review and will affirm the agency's decision only if it is supported by the applicable law and substantial evidence in the record as a whole." *Miss. Potash, Inc. v. Lemon*, 2003-NMCA-014, ¶ 7, 133 N.M. 128, 61 P.3d 837. "The party challenging an agency decision bears the burden on appeal of showing that agency action falls within one of the oft-mentioned grounds for reversal including whether the decision is arbitrary and capricious; whether it is supported by substantial evidence; and whether it represents an abuse of the agency's discretion by being outside the scope of the agency's authority, clear error, or violative of due process." *Id.* ¶ 8 (internal quotation marks and citation omitted). When engaging in whole record review, we review legal questions de novo, including whether the agency misinterpreted or misapplied its statutory or administrative governing provisions. *See AMREP Sw. Inc. v. Sandoval Cnty. Assessor*, 2012-NMCA-082, ¶ 7, 284 P.3d 1118.

## REQUIREMENTS OF THE UNEMPLOYMENT COMPENSATION LAW AND DEPARTMENT REGULATIONS

**{8}** Under the Unemployment Compensation Law, persons who become unemployed "through no fault of their own" may receive benefits from the unemployment compensation fund. Sections 51-1-3, 51-1-4(A). They must make a claim for benefits in accordance with regulations prescribed by the secretary of the Department. Section 51-1-8(A). A Department claims examiner must promptly review the application to make determinations that include a claimant's eligibility and disqualification. Section 51-1-8(B). A person is disqualified under the Unemployment Compensation Law and not eligible to receive benefits if the person either left employment voluntarily without good cause or was discharged for misconduct. Section 51-1-7(A)(1), (2).

**{9}** The Unemployment Compensation Law further provides procedures for the processing and appeal of claims. The claims examiner must "promptly notify the claimant and any other interested party of the determination [of the claim] and the reasons therefor." Section 51-1-8(B). The claimant's most recent employer is an interested party. Section 51-1-8(C)(1). The claimant and interested parties have fifteen days from the date of the "notification or mailing of the determination" to appeal to an appeals tribunal hearing officer. Section 51-1-8(B). If no appeal is filed, the determination of the claims examiner is final, subject to a redetermination by the claims examiner of a nonmonetary determination made based on additional information not previously available within twenty days of the original nonmonetary determination. *Id.* Further appeals are to the secretary and the board of review. Section 51-1-8(F), (H).

**{10}** The Department's regulations effective at the time of this case address the filing,

determination, and redetermination of claims. 11.3.300.301, 308 NMAC (1/1/03) (amended 11/15/12). The regulations require that, after a claim is filed, the Department notify the employer, which is then obligated to "provide the [D]epartment with full and complete information in response to the inquiry." 11.3.300.308(A) NMAC. If the employer does not provide a timely response and the application does not raise a nonmonetary issue, the Department may immediately commence benefits without additional notice. 11.3.300.308(C) NMAC. The regulations further provide that an employer's failure to provide a "substantive response" within ten days "shall be an irrevocable waiver of the employer's right to be heard before a determination is made[.]" 11.3.300.308(C)(2) NMAC. The Department is then obligated to "immediately transmit to the parties the determination and the reason for it" and "advise the parties of the right to appeal." 11.3.300.308(C)(3) NMAC. However, if "a separation issue is timely raised," the Department must adjudicate the claim before sending the determination. 11.3.300.308(C)(4) NMAC. The regulations permit a redetermination of a nonmonetary determination only if specific criteria that we will later discuss in this opinion are met. 11.3.300.308(D) NMAC.

## APPLICATION OF UNEMPLOYMENT COMPENSATION LAW AND REGULATIONS TO THIS CASE

### May 16, 2010 Claim

**{11}** The principal difficulty in this case arises from the Department's failure to provide a specified notice of determination with respect to Petitioner's May 16, 2010 claim. The Department admits that "[a]s a result of an administrative error, a claim determination was not issued in May 2010." It states that the "first and only" notice of claim determination in the administrative record concerning the separation issue is the one dated June 28, 2011. It appears to argue that, as a result, all time frames set forth in the regulations run from June 28, 2011.

**{12}** However, upon receiving the May 16, 2010 application, the Department did transmit to Employer the required notification and request for separation information. It began providing benefits to Petitioner effective May 29, 2010, the conclusion of the ten-day period for Employer to respond. Although it failed to provide a notice of claim determination, it did send Petitioner a reemployment services program notice dated June 16, 2010 that informed Petitioner that the Department had "determined that [he is] eligible for unemployment insurance benefits." An unemployed person is only entitled to receive benefits if the person participates in reemployment services based on certain findings by the Department. 11.3.300.321 NMAC (1/1/03) (amended 11/15/12).

**{13}** The Unemployment Compensation Law and the regulations emphasize the prompt handling of claims. Section 51-1-8(B) requires the Department to promptly examine claims and promptly provide notification of a determination and the reasons for the determination. The regulations require the Department to "immediately" provide such notification. When an employer fails to respond to the Department's notice of claim within ten days, a

4

determination shall be made based on the information in the application. 11.3.300.308(C)(3) NMAC. Only if a separation issue is "timely raised" may the Department delay such notification of a determination until after the Department has adjudicated the claim. 11.3.300.308(C)(4) NMAC.

**{14}** As to Petitioner's claim, Employer did not respond to the notice of claim and no separation issue had been timely raised. The Department did not request additional information from Employer, Petitioner, or witnesses. *See* 11.3.300.308(B) NMAC ("Prior to issuance of a determination . . . , the [D]epartment may request additional information from the employer, the claimant or witnesses . . . relative to the separation of the claimant from employment."). The Department was obligated to make a determination and provide Petitioner and Employer notice of its determination. It concedes that it failed to "issue" its determination. It does not say that it did not make the determination. Notwithstanding its failure to provide a notice of claim determination, the Department did inform Petitioner that he was determined to be eligible for benefits and provided benefits commencing May 29, 2010 continuously for thirteen months. The Department's administrative error in failing to follow its required procedures and issue a claim determination does not negate the circumstances that indicate that it had made the determination that Petitioner was entitled to benefits.

**{15}** An administrative agency is bound by its own regulations. *See Atlixco Coalition v. Cnty. of Bernalillo*, 1999-NMCA-088, ¶ 16, 127 N.M. 549, 984 P.2d 796; *see also Hillman v. Health & Soc. Servs. Dep't*, 92 N.M. 480, 481, 590 P.2d 179, 180 (Ct. App. 1979). The circumstances of this case demonstrate the rationale for the requirement of promptness and the time frame of the regulations. If the Department could fail to follow the time frame for notice, a claim could continue indefinitely without being resolved. By requiring specific action by the Department within a specific time frame, the regulations avoid the uncertainty that could result from the lack of prompt action by the Department. An administrative error does not alter the failure to follow the regulations that require the Department to act promptly on claims. It certainly does not extend the time limits of the regulations.

**{16}** This case is different from *Millar v. New Mexico Department Of Workforce Solutions*, 2013-NMCA-__, __ P.3d __ (No. 31,581, Jan. 31, 2013). In *Millar*, the department did not provide immediate notice that the employer had appealed a claim determination, and the claimant did not receive notice of the appeal until more than five months later when the department sent notice of hearing. *Id.* ¶ 3. The claimant appealed the department's overpayment determination. *Id.* ¶ 4. This Court addressed the issue of whether the hearing conducted more than five months after the claimant had been awarded benefits violated state and federal law. *Id.* ¶ 10. We concluded that the Unemployment Compensation Law merely incorporated the federal regulation at issue by reference and that the federal regulation that required hearings to be commenced and decided "with the greatest promptness that is administratively feasible" merely established nonmandatory guidelines. *Id.* ¶¶ 13-14 (internal quotation marks and citation omitted). In this case, to the contrary, we address the Department's regulations that provide specific mandatory time frames.

5

**{17}**     The result of the administrative process in this case was that Petitioner's May 16, 2010 claim was determined in his favor. There was no appeal. While we agree with the Department that Employer did not waive its right to be heard in an appeal because it did not respond to the Department's notice within ten days, we assume that the Department also did not transmit notice of its determination to Employer. It thereby essentially foreclosed Employer's opportunity to be heard by its administrative error.

**Connection of the May 15, 2011 Claim to the May 16, 2010 Claim**

**{18}**     The Department assigned Petitioner's May 16, 2010 claim a benefit year ending May 14, 2011. *See* § 51-1-42(P) (2007) (amended 2010) (defining "benefit year" in part as "the one-year period beginning with the first day of the first week of unemployment with respect to which the individual first files a claim for benefits . . . and thereafter the one-year period beginning with the first day of the first week of unemployment with respect to which the individual next files such a claim for benefits after the termination of the individual's last preceding benefit year[.]"). On May 15, 2011, Petitioner filed a new claim for the next benefit year.

**{19}**     The Department followed its procedures and provided notice of the claim and a request for separation information to Employer. The form in the record titled "Employer's Statement" is not completed in any way. It is not clear from the record that the Department's form intended to elicit information from Petitioner was sent to him. Although it reflects that it was sent May 23, 2011, it states "do not send" in three places on the form in connection with questions concerning Petitioner's separation from employment.

**{20}**     On May 25, 2011, the Department provided Petitioner with a notice of claim determination, informing him that it denied his new claim because he had not returned to work and earned five times his new weekly benefit amount as required by Section 51-1-5(B). The Department nevertheless determined that it would continue to provide Petitioner emergency unemployment compensation on his old claim if he was otherwise eligible.

**{21}**     On June 28, 2011, a representative of the Department made telephone calls to both Petitioner and Employer concerning Petitioner's separation from employment. The Department on the same day sent its notice of claim determination, advising Petitioner that because he was discharged from employment for fighting on the job, which was misconduct, he was disqualified from benefits effective the calendar week ending May 22, 2010.

**{22}**     Because it disqualified Petitioner from benefits effective the calendar week ending May 22, 2010, the June 28, 2011 notice of claim determination acted on Petitioner's May 16, 2010 claim, not the May 15, 2011 claim. Petitioner does not argue that the Department erred in its determination of the May 15, 2011 claim, and we do not address that claim determination in this opinion. The two claims become intertwined, however, because the Department took action on the May 16, 2010 claim only after Petitioner filed the May 15, 2011 claim.

6

**{23}** But the regulations do not authorize the Department's June 28, 2011 action in connection with the May 16, 2010 claim. As we have discussed, the Department had determined the May 16, 2010 claim and provided benefits. This is not a claim based on false statements or misrepresentations, which, under the Unemployment Compensation Law and the regulations, are void. Section 51-1-38(D); 11.3.300.314(A) NMAC (1/1/03) (amended 11/15/12). The law and regulations permit the Department's action re-opening Petitioner's May 16, 2010 claim only upon redetermination. The criteria for redetermination include:

> (1)    The adjudicator perceives the need for reconsideration either as a result of a protest by an interested party or on the adjudicator's own initiative due to new or additional information received. Examples of the type of errors which may prompt a redetermination are . . . an additional fact not available to the adjudicator at the time of the determination excluding those facts the employer and claimant had the opportunity to provide prior to the initial determination[.]

> . . . .

> (4)    A redetermination can be issued no later than the twentieth calendar day from the original determination date or twenty days from the date of the first payment deriving from the original determination, whichever event occurs latest.

11.3.300.308(D) NMAC.

**{24}** First, we do not consider the information obtained in the June 28, 2011 telephone calls to be the type of new or additional information contemplated in the regulations. Information that Petitioner or Employer could have provided prior to the initial determination is not sufficient. The information the Department received in the telephone calls was information it could have received in the initial process had Employer timely responded or if the Department had conducted a timely investigation. Second, a redetermination was not timely. The Department may issue a redetermination only within the later of twenty calendar days from the original determination or twenty days from the date of the first payment made under the original determination. 11.3.300.308(D)(4) NMAC. We do not know the precise date of the original determination because of the Department's administrative error in failing to provide notice of it. The first payment was made on the week ending May 29, 2010. A determination made approximately thirteen months after either triggering event does not fall within the time limits of the regulations.

**CONCLUSION**

**{25}** The Department's regulations provide specific time frames for the Department to act on claims. They provide a window for the Department to make a determination about entitlement to benefits. The Department did not act in accordance with the time frames of

7

its regulations in its determination that Petitioner was not entitled to benefits. We reverse the decision of the board of review.

**{26}  IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**M. MONICA ZAMORA, Judge**

**Topic Index for _Narvaez v. N.M. Dep't of Workforce Solutions_, Nos. 32,149/32,256**

**ADMINISTRATIVE LAW AND PROCEDURE**
Administrative Appeal
Judicial Review
Rules
Standard of Review

**APPEAL AND ERROR**
Standard of Review

**EMPLOYMENT LAW**
Termination of Employment
Unemployment Compensation