**PACIFIC DENTAL SERVICES V. N.M. BOARD OF DENTAL HEALTH CARE**

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**PACIFIC DENTAL SERVICES, INC.,**
**Plaintiff-Appellant,**
**v.**
**NEW MEXICO BOARD OF DENTAL HEALTH CARE,**
**Defendant-Appellee.**

Docket No. A-1-CA-36235
COURT OF APPEALS OF NEW MEXICO
March 13, 2019

APPEAL FROM NEW MEXICO BOARD OF DENTAL HEALTH CARE Dr. Charles Schumacher, DDS, Presiding Officer

**COUNSEL**

Montgomery & Andrews, P.A., Seth C. McMillan, Kari E. Olson, Stephen S. Hamilton, Matthew A. Zidovsky, Santa Fe, NM, for Appellant

Hector H. Balderas, Attorney General, Lori Chavez, Assistant Attorney General, Santa Fe, NM, for Appellee

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: BRIANA H. ZAMORA, Judge, ZACHARY A. IVES, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**  Pacific Dental Services, LLC (Plaintiff), the managing member of a limited liability company licensed as a non-dentist owner of several dentistry practices in New Mexico, appeals the adoption of three regulatory amendments (the amendments) to the occupational and professional licensing regulations by the New Mexico Board of Dental Health Care (the Board). We affirm.

**BACKGROUND**

**{2}**     The Board held three separate meetings on January 27, 2017: an initial hearing to take public comment on proposed regulatory amendments, a committee meeting to consider the impact of the proposed amendments on dental hygienists, and a regular meeting for the Board to discuss and vote on the proposed amendments. Plaintiff, through its counsel, was present at the initial public hearing, along with several other members of the professional dental community. Because this is a memorandum opinion and the parties are familiar with the case, we briefly summarize the relevant portions of the three meetings as they relate to each of the challenged amendments and reserve further discussion of the facts for our analysis of the issues on appeal.

**{3}**     The Board first proposed amending 16.5.1.24 NMAC to require non-dentist owners to comply with the existing general record-keeping requirements applicable to dentists, which require patient records to be kept for six years after a dentist retires or stops practicing. Plaintiff commented that requiring non-dentist owners to comply with the general record-keeping requirements would be redundant because there is already a regulation that requires non-dentist owners to maintain patient records for six years. *See* 16.5.9.8(L) NMAC. Additionally, Plaintiff argued that the amendment would be confusing because non-dentist owners do not "practice[]" or "retire[]." After the initial public hearing, the dental hygienist committee met and voted unanimously to recommend adoption of the amendment without comment. At the regular meeting following the committee meeting, the Board noted the dental hygienist committee's approval and voted unanimously to adopt the amendment without further discussion.

**{4}**     The Board also proposed amending 16.5.9.8(K) NMAC, a regulation applicable only to non-dentist owners, which requires that "no person other than a New Mexico licensed dentist shall have direct control or interfere with the dentist's or dental hygienist's clinical judgment and treatment[.]" The amendment added the language "including referrals or prescription of laboratory services." Plaintiff commented that the proposed amendment would be confusing and redundant in light of existing regulations and statutes that prohibit anyone from interfering with a dentist's clinical judgment. The presiding member of the Board asked how the amendment would affect Plaintiff. Plaintiff responded that while it already complied with the existing statutes and regulations, it was concerned that the amendment was targeting non-dentist owners. Plaintiff believed the Board was targeting non-dentist owners by amending the regulation specifically applicable to non-dentist owners instead of adopting a generally applicable regulation. The dental hygienist committee subsequently voted unanimously to recommend adoption of the amendment. During the regular meeting, the Board noted the committee's approval and voted unanimously to adopt the amendment without any further discussion.

**{5}**     Finally, the Board proposed amending 16.5.16.10(B)(4) NMAC, one of the guidelines that the Board considers when imposing disciplinary action for unprofessional conduct. Section 16.5.16.10(B)(4) defined "unprofessional conduct" to include "failure to seek consultation whenever the welfare of the patient would be safeguarded or

advanced by referral to individuals with special skills, knowledge, and experience[.]" The proposed amendment added the following subsections to 16.5.16.10(B)(4) as specific examples of this type of unprofessional conduct:

> (a)    an owner dentist or supervisor causing an employee dentist to make a referral for dental treatment based on contractual obligations when, in the judgment of the treating dentist, the welfare of the patient would be safeguarded or advanced by referral to another practitioner, and/or failure to notify the patient of such contractual obligations for referrals;

> (b)    an owner dentist or supervisor causing an employee dentist to use a dental laboratory due to contractual obligations when, in the judgment of the treating dentist, the welfare of the patient would be safeguarded or advanced by the use of another dental laboratory.

Plaintiff voiced concern that the amendment would create uncertainty for licensees in terms of knowing whether their conduct is sanctionable. Plaintiff also asserted that current regulations and statutes already prohibit the conduct proscribed by the amendment. The dental hygienist committee did not discuss or vote on the amendment. During the regular meeting, the Board voted unanimously to adopt the amendment after briefly considering tabling it to consider its possible legal ramifications.

**{6}**    Plaintiff subsequently brought this appeal pursuant to NMSA 1978, Section 61-1-31(A) (1981).

## DISCUSSION

**Plaintiff Has Standing to Appeal**

**{7}**    At the outset, we address the Board's argument that Plaintiff lacks statutory standing to appeal the Board's adoption of the amendments. "Whether a party has standing to litigate a particular issue is a question of law, which we review de novo." *Nass-Romero v. Visa U.S.A. Inc.*, 2012-NMCA-058, ¶ 6, 279 P.3d 772 (internal quotation marks and citation omitted). "[S]tanding is a jurisdictional prerequisite where an action is created by statute and the statute specifies that only a limited class of plaintiffs who satisfy certain conditions may sue." *Phoenix Funding, LLC v. Aurora Loan Servs.*, LLC, 2017-NMSC-010, ¶ 19, 390 P.3d 174. In determining whether a party has standing under a statute, "we must look to the Legislature's intent as expressed in the [a]ct or other relevant authority." *Key v. Chrysler Motors Corp.*, 1996-NMSC-038, ¶ 11, 121 N.M. 764, 918 P.2d 350. "To determine legislative intent we look first to the plain language of the statute." *Draper v. Mountain States Mut. Cas. Co.*, 1994-NMSC-002, ¶ 4, 116 N.M. 775, 867 P.2d 1157. "[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (internal quotation marks and citation omitted).

**{8}** Section 61-1-31(A) provides: "Any person who is or may be affected by a regulation adopted by the [B]oard may appeal to the court of appeals for relief." The Board argues that, in light of Plaintiff's assertions that it already complies with the law and that all of the regulation amendments are "redundant," there is no harm for which this Court may grant relief. In support of its argument, the Board cites *Kerr-McGee Nuclear Corp. v. New Mexico Environmental Improvement Board*, 1981-NMCA-044, ¶ 43, 97 N.M. 88, 637 P.2d 38, where we stated, " 'For relief' means that when a board adopts a regulation, which, when applied, *leads to an unfavorable result* to any 'person,' that 'person' can appeal to this Court to challenge the validity of the regulation." (Emphasis added.) The Board's reliance on *Kerr-McGee Nuclear Corp.* is misplaced. When read in context, it is clear this Court intended this statement to express the broad nature of the language "person" rather than express a limitation on standing to appeal based on the harm to the Plaintiff as a result of the adopted regulation. *See id.* ¶¶ 43-44. Similarly, the term "for relief," in the context of Section 61-1-31(A), refers to the remedy that this Court may grant the Plaintiff, which is the review and potential invalidation of regulations adopted by the Board. *See Black's Law Dictionary* 1482 (10th ed. 2014) (defining "relief" as "[t]he redress or benefit . . . that a party asks of a court").

**{9}** The plain language of Section 61-1-31(A) is broad as it grants to any person who "is or *may be affected* by a regulation adopted by the [B]oard" the right to appeal the Board's decision to this Court. (Emphasis added.) Unlike other statutory provisions that expressly limit standing to those adversely affected by a regulation, Section 61-1-31(A) grants standing without regard to the nature of any existing effect on the plaintiff. *Compare id. with* NMSA 1978, § 74-6-7 (1993) ("[A] person who is *adversely affected* by a regulation adopted by the commission . . . may appeal to the court of appeals for further relief." (emphasis added)). We believe the failure to express a similar limitation in Section 61-1-31 indicates the Legislature's intent to grant all persons the right to appeal if they "[are] or may be affected by the regulation," whether or not they can demonstrate an adverse effect. *Cf. State v. Chavez*, 1992-NMCA-037, ¶ 9, 115 N.M. 248, 849 P.2d 1071 ("We believe that if the [L]egislature intended such a result, it would have clearly said so.").

**{10}** The Board does not dispute that Plaintiff is subject to 16.5.1.24 NMAC and 16.5.9.8(K) NMAC as a non-dentist owner, and therefore, may be affected by the amendments to those sections. However, the Board asserts that 16.5.16.10(B)(4) NMAC "only applies to owner dentists or supervisors, not non-dentist owners." Yet 16.5.16.2 NMAC provides that "[t]he provisions of 16.5.16 NMAC apply to *all active license holders* and applicants for licensure[,]" and the Board does not dispute that Plaintiff is an active license holder. (Emphasis added.) Thus, even though 16.5.16.10(B)(4) NMAC only mentions owner dentists and supervisors, the provision applies to Plaintiff. As an active license holder subject to these regulations, Plaintiff "may be affected" by the Board's decision to adopt the three amendments. *See* Section 61-1-31(A). Plaintiff has standing to appeal the Board's decisions, and consequently this Court has jurisdiction.

**The Board Provided an Adequate Statement of Reasons for Its Adoption of the Amendments**

**{11}**   Having concluded that Plaintiff has standing, we turn to Plaintiff's arguments on appeal. "[I]n adopting regulations, administrative [boards] must give some indication of their reasoning and of the basis upon which the regulations were adopted in order for the courts to be able to perform their reviewing function." *N.M. Mun. League, Inc. v. N.M. Envtl. Improvement Bd.*, 1975-NMCA-083, ¶ 16, 88 N.M. 201, 539 P.2d 221. However, "[f]ormal findings are not required." *Pharm. Mfrs. Ass'n v. N.M. Bd. of Pharmacy*, 1974-NMCA-038, ¶ 17, 86 N.M. 571, 525 P.2d 931. Nor does the Board need to state its reasons for adopting each provision or address every concern raised in testimony, as "[s]uch a requirement would be unduly onerous . . . and unnecessary for the purposes of appellate review." *The Regents of Univ. of Cal. v. N.M. Water Quality Control Comm'n*, 2004-NMCA-073, ¶ 13, 136 N.M. 45, 94 P.3d 788. Rather, "[t]he only requirements are that the public and the reviewing courts are informed as to the reasoning behind the regulation." *Pharm. Mfrs. Ass'n*, 1974-NMCA-038, ¶ 17.

**{12}**   Plaintiff contends that the Board failed to provide a statement of reasons for the amendments. In response, the Board argues that its members' statements made at the initial public hearing provide this Court with sufficient indications of the Board's reasons for the amendments. After reviewing the record, we agree with the Board. Although neither the dental hygienist committee nor the Board dedicated any real substantive discussion to the three amendments at their respective meetings, the Board members' comments at the initial public meeting provide us with sufficient information of the Board's reasoning to allow for meaningful review.

**{13}**   In regard to the record-keeping requirement of 16.5.1.24 NMAC, one of the Board members pointed out that some non-dentist owners do, in fact, retire and corporate non-dentist owners occasionally close down without transferring patient records to another practice. The board member also pointed out that the requirement was helpful to the Board's complaint committee in terms of having access to patient records. Another Board member stated that the record-keeping requirement needed to "be on file with more teeth" because some patients were having difficulty accessing their records after dental practices close down. In responding to Plaintiff's concerns about redundancy, a member of the Board's rules committee responsible for drafting the amendments stated that it was important to have the requirement appear in multiple sections so licensees "would be more likely to run into it." Another member of the Board's rules committee commented in favor of the amendment because it would require non-dentist owners to comply with additional record-keeping requirements after they retire or stop practicing.

**{14}**   With respect to the amendment prohibiting non-dentist owners from interfering with patient referrals and prescription of laboratory services, 16.5.9.8(K) NMAC, a member of the rules committee commented that the regulation was important to prevent non-dentist owners from questioning the clinical judgments of dentists in order to increase profits. Another member of the rules committee explained that the purpose of

the rule was to give young dentists the authority to confront coercive superiors. In response to Plaintiff's concerns about redundancy, a Board member pointed out there were only regulations in place to sanction dentist owners and supervisors for interfering with a dentist's clinical judgment; there was no similar regulation applicable to non-dentist owners. As such, the Board member concluded the regulation was necessary to protect the public by ensuring that non-dentist owners were subject to the same requirements as dentist owners in terms of interfering with a dentist's clinical judgment.

**{15}** Finally, with reference to the last amendment relating to patient referrals based on contractual obligations, 16.5.16.10(B)(4) NMAC, a Board member stated that the purpose of the regulation was to cover situations where the dentist's contractual obligations influenced their decision on where to refer patients, which was not already proscribed by other regulations or statutes. And another Board member stated that the purpose was to protect the public by requiring dentists to refer their patients to whomever the dentist believed would be best, regardless of their contractual obligations.

**{16}** Plaintiff contends that these statements are insufficient to show the basis of the Board's decisions because the Board did not formally issue any findings or explicitly adopt the reasoning behind them. However, the Board is not required to expressly enunciate findings of fact, *see Pharm. Mfrs. Ass'n*, 1974-NMCA-038, ¶ 17, or address every concern raised in testimony, *see The Regents of Univ. of Cal.*, 2004-NMCA-073, ¶ 13. It must simply inform the public and the reviewing court of the reasoning behind the regulations. *See Pharm. Mfrs. Ass'n*, 1974-NMCA-038, ¶ 17. We hold that the Board and rules committee members' statements satisfy this requirement. *See id.* (holding that the comments of one board member, which were uncontradicted by the other board members, were sufficient to enable appellate review).

### The Board's Adoption of the Amendments Was Not Arbitrary, Capricious, an Abuse of Discretion, or Against the Clear Weight of Substantial Evidence

**{17}** Plaintiff argues that the Board's adoption of the amendments was arbitrary, capricious, or an abuse of discretion, as well as against the clear weight of substantial evidence because the Board did not consider any competent evidence. *See* § 61-1-31(C) (stating that this Court may set aside a regulation only if it is "(1) arbitrary, capricious, or an abuse of discretion; (2) contrary to law; or (3) against the clear weight of substantial evidence of the record"). We disagree. We review the whole record to determine the validity of an administrative board's decision. *See Town & Country Food Stores, Inc. v. N.M. Regulation & Licensing Dep't*, 2012-NMCA-046, ¶ 8, 277 P.3d 490. "The party challenging an [administrative board] decision bears the burden on appeal of showing that [board] action falls within one of the oft-mentioned grounds for reversal." *See Miss. Potash, Inc. v. Lemon*, 2003-NMCA-014, ¶ 8, 133 N.M. 128, 61 P.3d 837 (internal quotation marks and citation omitted). An administrative board acts arbitrarily and capriciously when its actions "may be considered wil[l]ful and unreasonable, without consideration, and in disregard of the facts and circumstances." *Application of PNM Elec. Servs., Div. of Pub. Serv. Co. of N.M.*, 1998-NMSC-017, ¶ 24, 125 N.M. 302, 961

P.2d 147. "An abuse of discretion occurs when the administrative [board] has not acted in a manner required by the law." *N.M. Regulation & Licensing Dep't v. Lujan*, 1999-NMCA-059, ¶ 8, 127 N.M. 233, 979 P.2d 744. "Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion. In reviewing a substantial evidence claim, the question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 7, 288 P.3d 902 (alteration, internal quotation marks, and citations omitted).

**{18}** Our review of the record establishes that the majority of comments at the public hearing were in favor of all three amendments. The only comments in opposition to the record-keeping amendment, 16.5.1.24 NMAC, came from Plaintiff. On the other hand, several members of the public and the rules committee commented in favor of the amendment. A member of the Board's rules committee commented that, based on her experience serving on the Board for over eleven years, the more times a requirement appeared in the regulations, the more likely the licensee would be aware of it. Another member of the rules committee commented in favor of making non-dentist owners subject to the regulation because it contained additional record-keeping requirements. A local dentist also commented that he knew of two corporate dental practices in other states that left patients without access to their records after suddenly going bankrupt. Plaintiff argues that these "anecdotes concerning activities occurring in other parts of the country demonstrated no evidentiary nexus to any evil present in New Mexico that this rule amendment is intended to rectify." Yet Plaintiff provides no authority for the argument that the Board cannot consider examples of relevant events from other states, and we are aware of no such authority. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that when a party fails to cite authority for an argument, we may assume none exists). The purpose of the Board is to protect the public from the improper and unprofessional practice of dentistry. *See* NMSA 1978, § 61-5A-2(A) (2011) ("In the interest of the public health, safety and welfare and to protect the public from the improper, unprofessional, incompetent and unlawful practice of dentistry and dental hygiene, it is necessary to provide laws and rules controlling the granting and use of the privilege to practice dentistry and dental hygiene and to establish a board of dental health care and a dental hygienists committee to implement and enforce those laws and rules."). Simply because the dentist's illustrative examples came from other states does not mean that the Board must sit idly by waiting for the harms it is trying to protect against to happen in our state.

**{19}** The amendment prohibiting non-dentist owners from exercising direct control over a dentist's referrals or prescription of laboratory services, 16.5.9.8(K) NMAC, also received substantial support during the initial public hearing. One rules committee member commented on the importance of protecting against non-dentist owners interfering with the clinical judgments of dentists, and another explained that the rule gave young dentists the ability to stand up to coercive non-dentist superiors. Two local dentists, one of whom was a rules committee member, stated that they knew of instances where non-dentist owned practices pressured their dentists into performing

more procedures in order to increase profits. Additionally, the American Association of Orthodontists submitted an email in support of the amendment. Again, the only comments in opposition to the amendment came from Plaintiff.

**{20}** Likewise, the majority of the comments supported 16.5.16.10(B)(4) NMAC, the amendment defining the practice of referring patients to outside providers based on contractual obligations as "unprofessional conduct." While Plaintiff and one rules committee member voiced concerns over the amendment, the other comments were in favor of the amendment. A local dentist supportive of the amendment stated that he knew of three instances—two involving Albuquerque dentists—where dentists referred patients to inferior providers based on contractual obligations. Another dentist and rules committee member commented in favor of implementing the regulation in order to protect patients. The amendment also received support from the American Association of Orthodontists.

**{21}** Plaintiff would have us brush off the comments in support of the amendments. Specifically, Plaintiff argues that the comments discussed above do not constitute competent evidence because they were based on "conjecture," "unfounded opinion," and "anecdote." We disagree with the veneer Plaintiff places on the comments. "In proceedings held under the Uniform Licensing Act, boards . . . may admit any evidence and may give probative effect to evidence that is of a kind commonly relied on by reasonably prudent people in the conduct of serious affairs. Boards . . . may in their discretion exclude incompetent, irrelevant, immaterial and unduly repetitious evidence." NMSA 1978, § 61-1-11(A) (1981). We fail to see how the comments are not "of a kind commonly relied on by reasonably prudent people in the conduct of serious affairs." *Id.* Notably, all of the commenters, besides Plaintiff's attorney, were local professionals in the field of dentistry. Some of the commenters were also members of the Board's rules committee in charge of drafting the amendments. Many, if not all, of their comments were based on firsthand knowledge. The root of Plaintiff's argument appears to be that the Board should have given credence to Plaintiff's opinions and not those of the other commenters. However, we will not reweigh the evidence, nor substitute our judgment for that of the Board. *Bd. of Cty. Comm'rs of Sierra Cty. v. Harrison*, 1998-NMCA-106, ¶ 7, 125 N.M. 495, 964 P.2d 56. Given the number of the comments in favor of the amendments and the qualifications of those making the comments, we hold that the Board's adoption of the amendments was not arbitrary, capricious, an abuse of discretion, or against the clear weight of substantial evidence.

**{22}** Plaintiff makes several additional arguments, which we briefly address. Throughout its brief in chief, Plaintiff claims that the Board's adoption of the amendments was arbitrary, capricious, or an abuse of discretion because the amendments are redundant and confusing in light of existing regulations and laws. Yet Plaintiff cites no authority for the proposition that an administrative board's adoption of a regulation is improper because the regulation's purpose is separately provided for by other regulations or statutes. Where a party cites no authority to support its argument, we may assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Thus, we decline to address this argument.

**{23}** Plaintiff also asserts that the regulations violate equal protection and "potentially conflict" with existing law. However, we also decline to opine on these arguments, as Plaintiff makes no real attempt to demonstrate how the regulations are unconstitutional or incompatible with existing law beyond these conclusory assertions. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (declining to rule on an inadequately briefed argument).

**{24}** Lastly, Plaintiff argues that the Board's adoption of the amendments was error because "there was no rational connection between the facts found and the [amendments] adopted because no facts based on record evidence or testimony were found by the Board." However, as discussed earlier, the Board is not required to enter any formal findings of fact. *See Pharm. Mfrs. Ass'n*, 1974-NMCA-038, ¶ 17. Nor does Plaintiff demonstrate how there is a lack of a rational connection between the public comments and the Board's decision to adopt the amendments. Therefore, Plaintiff's argument is unavailing.

**CONCLUSION**

**{25}** For the foregoing reasons, we affirm the Board's decision to adopt the amendments.

**{26} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**