This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39413**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**JAIME ARENAS,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Court Judge**

Raúl Torrez, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Jaime Daniel Arenas appeals his conviction of one count of battery upon a peace officer, a fourth degree felony, contrary to NMSA 1978, Section 30-22-24 (1971); and one count of resisting, evading or obstructing an officer, a misdemeanor, contrary to NMSA 1978, Section 30-22-1(D) (1981). Defendant argues on appeal that: (1) the State engaged in improper questioning designed to elicit impermissible character evidence and that the subject of the questions exceeded the scope of direct examination in violation of Rule 11-611(B) NMRA; (2) the district court erred in admitting

a video recording of Defendant's encounter with the police from a pending misdemeanor case for resisting an officer, arguing that the video was inadmissible under Rule 11-404(B) NMRA, Rule 11-403 NMRA, and Rule 11-608(B)(1) NMRA; (3) the State failed to present sufficient evidence of battery upon a peace officer; (4) the prosecutor committed misconduct in asking an officer-witness to explain why Defendant was charged with battery upon a peace officer; and (5) Defendant's convictions for battery upon a peace officer and resisting arrest violate double jeopardy. We hold that the admission of the video from Defendant's pending criminal case was an abuse of discretion and sufficient evidence supports Defendant's conviction. Because we hold that the admission of the video was error and requires reversal and remand for a new trial, we do not address Defendant's remaining issues on appeal.[1]

**DISCUSSION**

**{2}** We begin by addressing Defendant's argument that the admission of a video from Defendant's pending case was inadmissible under Rule 11-404(B), holding that admission of the evidence was an abuse of discretion, and that the error was not harmless and requires reversal. Because Defendant is entitled to a new trial, we next address whether Defendant's conviction for battery upon a peace officer is supported by sufficient evidence in order to determine if retrial implicates Defendant's double jeopardy rights. We hold that sufficient evidence supports Defendant's battery upon a peace officer conviction.

**I.      The Trial Court Erred in Admitting Video From Defendant's Pending Case**

**{3}** Defendant contends the video consisted of bad act evidence[2] and was therefore inadmissible under Rule 11-404(B). Specifically, Defendant argues that the evidence did not involve a similar kick, had no relevance as to whether Defendant intended to kick the officer in the present case, and was instead prohibited character evidence, used to show Defendant's "character to resist and argue with police and that he acted in conformity with that character." We agree that the evidence was prohibited character evidence, and thus, inadmissible under Rule 11-404(B).

**{4}** "We review the district court's decision to admit or exclude evidence for an abuse of discretion." *State v. Guerra*, 2012-NMSC-014, ¶ 36, 278 P.3d 1031. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by

---

1One of the claims raised by Defendant on appeal is prosecutorial misconduct. In some circumstances, retrial of a defendant is barred on double jeopardy grounds if the need for a new trial arises from prosecutorial misconduct. *See State v. Breit*, 1996-NMSC-067, ¶ 2, 122 N.M. 655, 930 P.2d 792. Defendant does not argue that the conduct alleged here meets the standard in *Breit*, nor does he argue that the conduct bars retrial. In fact, Defendant's requested relief is for reversal and remand for a new trial. As such, we do not address this issue further since we are reversing on other grounds.
2Though Defendant refers to the evidence as "prior bad act evidence," we will refer to it as bad act or other wrongs evidence, since the incident in the video occurred *after*, not prior to, the events in this case.

reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{5}** Under Rule 11-404(B)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "In other words, evidence of other misconduct may not be admitted into evidence to demonstrate that because the defendant committed those acts . . ., he is more likely to have committed them at the time of the charged offense." *State v. Bailey*, 2015-NMCA-102, ¶ 12, 357 P.3d 423 (internal quotation marks and citations omitted). However, evidence of a crime, wrong, or other act may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 11-404(B)(2). "This list is not exhaustive and evidence of other wrongs may be admissible on alternative relevant bases so long as it is not admitted to prove conformity with character." *State v. Otto*, 2007-NMSC-012, ¶ 10, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted). Before admitting evidence of other crimes or wrongs, "the [district] court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime, and must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403." *Otto*, 2007-NMSC-012, ¶ 10. "[E]vidence of how a person acted on a particular occasion is not legally relevant when it solely shows propensity and should be automatically excluded under Rule 11-404(B) because it is unfairly prejudicial as a matter of law." *State v. Gallegos*, 2007-NMSC-007, ¶ 21, 141 N.M. 185, 152 P.3d 828.

**{6}** Prior to admitting evidence under Rule 11-404(B), a court should therefore consider that (1) "the rule prohibits the use of otherwise relevant evidence when its sole purpose or effect is to prove criminal propensity"; (2) "other-acts evidence may be admissible if it is relevant to an issue besides the inference that the defendant acted in conformity with his or her character"; (3) "the proponent of the evidence is required to identify and articulate the consequential fact to which the evidence is directed before it is admitted"; and (4) "even if other-acts evidence is relevant to something besides propensity, such evidence will not be admitted if the probative value related to its permissible purpose is substantially outweighed by the factors enumerated in Rule 11-403." *Gallegos*, 2007-NMSC-007, ¶ 22.

**{7}** We first determine if the video is relevant to a material issue other than Defendant's character or propensity to commit a crime besides the inference that he acted in conformity with his character. *Id.*; *Otto*, 2007-NMSC-012, ¶ 10. The State argues that the video from Defendant's pending case was relevant to show intent, arguing that Defendant "placed his intent squarely at issue." More specifically, the State argues on appeal that the video goes to Defendant's "intent to verbally abuse and disobey orders of officers," even though it does not go to "the specific question of Defendant's intent to kick Corporal Freeman." Defendant contends that the video evidence does not bear on the question of whether Defendant accidentally or intentionally kicked Corporal Freeman, and rather, the evidence was used to show that Defendant acted in conformity with his character to resist and argue with the police.

**{8}**    In deciding whether the video evidence from Defendant's pending case was used to infer that Defendant acted in conformity with his character, or to prove intent as the State contends, we look at the State's "rationale for admitting the evidence to prove something other than propensity," and "more is required to sustain a ruling admitting other-acts evidence than the incantation of the illustrative exceptions contained in the Rule." *Gallegos*, 2007-NMSC-007, ¶ 25 (alteration, internal quotation marks, and citation omitted). In the proceedings below the State argued that the video was admissible for impeachment and to prove Defendant's "intent, motive, purpose, plan, all of that" as authorized under Rule 11-404(B). With regard to intent the State stated, "[I]f we can show [Defendant's] behavior, we know his intent when it comes around officers, he's going to be disrespectful to them and lash out at them, either verbally or physically." The State further asserted that "[t]his exact same situation happened, where [Defendant] is very unruly and cussing at officers."

**{9}**    Our Supreme Court provided guidance recently in evaluating the admissibility of evidence when that evidence is a prior conviction of the same crime for which a defendant is on trial. *State v. Fernandez*, 2023-NMSC-005, ¶ 17, 528 P.3d 621. In *Fernandez*, our Supreme Court held that admission of a defendant's prior conviction for battery upon a peace officer was an abuse of discretion and it was inadmissible under Rule 11-609(A)(1)(b) NMRA and Rule 11-404 when the defendant was on trial for the same crime. *Fernandez*, 2023-NMSC-005, ¶¶ 23, 26. In concluding that the conviction was inadmissible under Rule 11-404, the Court stated that the prior conviction would "more likely lead the jury to conclude that [the d]efendant had a propensity to commit the crime rather than helping the jury conclude whether [the d]efendant had the requisite intent in this case." *Fernandez*, 2023-NMSC-005, ¶ 26. The state in *Fernandez* similarly argued that the defendant's prior conviction was "relevant to show an absence of mistake or lack of accident." *Id.* ¶ 18 (internal quotation marks and citation omitted). However, the Court found that "the chain of inferences that flows from the prior conviction is one of propensity, not absence of mistake." *Id.* ¶ 19. The Court reasoned that "nothing about [the d]efendant's prior offense could help the fact-finder conclude that [the d]efendant did indeed have the requisite intent to batter a peace officer in *this instance.*" *Id.*

**{10}**    We recognize that this Court has previously held that "if [a d]efendant's intent was controverted and thus became a consequential issue in the case," then it was relevant under Rule 11-404(B). *State v. Niewiadowski*, 1995-NMCA-083, ¶ 11, 120 N.M. 361, 901 P.2d 779; *see id.* ¶¶ 12-14 (holding that evidence of a prior shooting was relevant and admissible under Rule 11-404(B) when the defendant was charged with first degree murder, the state was required to prove the defendant acted with "deliberate intention," and the defendant claimed he acted in self-defense); *see also State v. Nguyen*, 1997-NMCA-037, ¶¶ 9-11, 123 N.M. 290, 939 P.2d 1098 (holding that evidence of two separate altered bingo cards would be cross-admissible in separate trials for forgery when intent and knowledge were at issue); *see also Bailey*, 2015-NMCA-102, ¶¶ 16-17 (holding that an uncharged incident involving the same victim was admissible under Rule 11-404(B) to prove the defendant had the requisite intent, when his defense was that he lacked "sexual intent" when touching the victim); *see also Otto*,

2007-NMSC-012, ¶ 11 (holding that evidence of the defendant's uncharged acts against the same victim in trial for criminal sexual penetration of a minor were admissible under Rule 11-404(B) to show intent and absence of mistake or accident). However, the facts before us in this case are different because the State used the admitted evidence as propensity evidence.

{11}   It is true, as the State points out, that Defendant testified that he did not intentionally kick Corporal Freeman, and during cross-examination he affirmed that it was not characteristic of him to act around officers as he did in this case and that "it was a one-time deal." However, even with this testimony, the State must prove that the video evidence is relevant to an issue *other than* Defendant's character or propensity, and it has failed to demonstrate that here. *See Gallegos*, 2007-NMSC-007, ¶ 22.

{12}   This case and its circumstances are more similar to those in *Gallegos*. In *Gallegos*, our Supreme Court held that extrinsic evidence of sexual acts involving two different victims would not be cross-admissible under Rule 11-404(B) at separate trials for each victim. *Gallegos*, 2007-NMSC-007, ¶ 28. The defendant was a guard at the Youth Diagnostic and Detention Center (YDDC) and was charged with various counts involving incidents with two juvenile females housed at YDDC, including criminal sexual contact of a minor and aggravated indecent exposure. *Id.* ¶¶ 4-5. In arguing that the evidence would be admissible as probative of the defendant's "common scheme or plan," *id.* ¶ 27, the state argued that the evidence tended to show that the defendant "had a penchant for young girls and for engaging in sexual behavior with or in front of them." *Id.* ¶¶ 24, 28. In that case, the Court reasoned that "the only logical relevance [of] the extrinsic evidence would have would be to show that [the defendant] acted in conformity with his inclination to use his authority to engage in inappropriate sexual behavior with young girls," and "[t]his is pure propensity evidence and is exactly the type of evidence Rule 11-404(B) excludes." *Gallegos*, 2007-NMSC-007, ¶ 28. As to whether the evidence would be probative of the defendant's "opportunity," the Court found that whether the defendant had opportunity was undisputed, and thus "the only additional probative value extrinsic-act evidence would have on that issue would be to show a person's propensity." *Id.* ¶ 35.

{13}   Here, it is largely undisputed that Defendant was argumentative with officers and resisting. Defendant admitted on cross-examination that he was guilty of resisting police officers, and he was not compliant. Furthermore, Defendant admitted to being "unruly," cursing at officers, "acting a fool," and making verbal, aggressive threats, all of which were testified to prior to the admittance of the video. The State argues that the video from the pending case was relevant to prove Defendant's "intent to verbally abuse and disobey orders of officers," but when those facts are not in dispute, the only probative value of the video was to show his propensity. *See id.*

{14}   Once the video was admitted into evidence, the State did not merely mention that Defendant had a prior run-in with law enforcement where he was also charged with resisting arrest, but the State questioned Defendant at length drawing on specifics from the pending case and the similarities in his conduct in the two cases. In one instance,

after playing a portion of the video from the other pending case, the State argued that Defendant's response is exactly the same because he verbally threatens officers and uses the "same loosening of the cuffs argument." The State further asserted that Defendant used the "exact same tactics" because in both instances he told police officers they were violating his constitutional rights and continually stated to them he was not resisting. Moreover, the State argued during its closing that it showed the video from Defendant's pending case, and stated, "When it comes to officers, I don't want you to hesitate to realize that he doesn't like them, and he has this same attitude when it comes to officers, using the 'F' word a lot, calling them pigs a lot . . . I'm trying to prove intent."

**{15}** The reasoning for requesting the video's admittance and its use during Defendant's testimony and at closing arguments to characterize Defendant demonstrates to us that the evidence's "sole purpose or effect [was] to prove criminal propensity" to argue and disobey officers. *Gallegos*, 2007-NMSC-007, ¶ 22. The admission of the video likely did not help the jury conclude whether Defendant had the requisite intent to batter Corporal Freeman. Thus, while the State invoked Rule 11-404(B) and a legitimate exception to the prior acts rule, it used this evidence to argue to the jury that Defendant has a propensity or character trait for arguing and disobeying the orders of the officers. The relevance of this evidence is to show that Defendant acted in conformity with his inclination to be verbally abusive and disrespectful to officers; this is propensity evidence prohibited by Rule 11-404(B).

**{16}** Having already found that the video evidence goes only to propensity, we further conclude that the prejudice to Defendant is unfair. *See Gallegos*, 2007-NMSC-007, ¶ 21 (clarifying that "when [evidence] solely shows propensity[, it] should be automatically excluded under Rule 11-404(B) because it is unfairly prejudicial as a matter of law"). Therefore, any probative value of the video was substantially outweighed by a danger of unfair prejudice and inadmissible under Rule 11-403. Our conclusion is in line with the policies underlying Rule 11-404. *See Fernandez*, 2023-NMSC-005, ¶ 18 ("Rule 11-404 excludes propensity evidence because it injects a prejudicial effect into the proceeding that substantially outweighs the benefits of whatever slight, probative value it may have and creates the unnecessary risk that a jury will convict a defendant on the basis of former behavior and not the conduct charged." (internal quotation marks and citation omitted)).

**{17}** Thus, we conclude that the video was improper propensity or character evidence and inadmissible under Rule 11-404(B). The district court abused its discretion in permitting the admission of the video from Defendant's pending case.

## II.     Harmless Error

**{18}** Having concluded that it was error to admit the video recording, we turn to whether the admission is harmless error. "Improperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful." *State v. Tollardo*, 2012-NMSC-008, ¶ 25, 275 P.3d 110. "A non[]constitutional error is harmless when there is

no reasonable probability the error affected the verdict." *Id.* ¶ 36 (emphasis, internal quotation marks, and citation omitted). Our Supreme Court has provided a framework for which to use to determine whether an error is harmless:

> When assessing the probable effect of evidentiary error, courts should evaluate all of the circumstances surrounding the error. This includes the source of the error, the emphasis placed on the error, evidence of the defendant's guilt apart from the error, the importance of the erroneously admitted evidence to the prosecution's case, and whether the erroneously admitted evidence was merely cumulative. These considerations, however, are not exclusive, and they are merely a guide to facilitate the ultimate determination—whether there is a reasonable probability that the error contributed to the verdict.

*State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936 (internal quotation marks and citations omitted).

**{19}** The State does not address whether the admission of the evidence was harmless. Defendant argues that the admission of the evidence was not harmless and was prejudicial, because "[t]he jury likely concluded that it is in [Defendant's] character to argue with police, based on the other video," and "[t]his improperly undercut [Defendant's] defense that the kick was an accident." We agree with Defendant that there is a reasonable probability that the error affected the verdict, and thus, the error was not harmless.

**{20}** The erroneously admitted evidence came in through the cross-examination of Defendant. The State focused on the video from the pending matter for approximately thirty-five minutes, giving it significant emphasis during the one-day jury trial. *Cf. Serna*, 2013-NMSC-033, ¶¶ 25, 32 (concluding that "the [s]tate did not exploit the erroneously admitted evidence at trial, nor did it make the evidence a significant part of its case against [the d]efendant," and ultimately finding admission of prior convictions was harmless). While two officers testified that Defendant kicked Corporal Freeman, Defendant testified that the kick was not intentional on his part, disputing a key element that the jury needed to find to convict him. Evidence of Defendant's guilt turned on the jury's evaluation of the credibility of Defendant and the officers. *See Fernandez*, 2023-NMSC-005, ¶¶ 22, 26 (finding that because the lapel footage did not conclusively show whether the defendant battered a police officer, "the issue of [the d]efendant's credibility was a central issue [and] . . . hinged on whether [the jury] found [the d]efendant or the [s]tate's witnesses . . . more credible"); *see State v. Salazar*, 2023-NMCA-026, ¶ 20, 527 P.3d 693.

**{21}** Further, the video evidence was not cumulative of any evidence the State used to establish intent as an element of the offense, and the State highlighted this evidence in its closing argument, moments before the jury retired to deliberate. *See Fernandez*, 2023-NMSC-005, ¶ 25 (finding that the prior conviction was not merely cumulative because it was not admitted prior to cross-examination of the defendant and likely had a

significant impact on the jury, because "the [s]tate highlighted it in its rebuttal, moments before the jury retired to deliberate"); *see also State v. Conn*, 1992-NMCA-052, ¶ 19, 115 N.M. 101, 847 P.2d 746 (concluding that evidence of the defendant's prior conviction may have had a significant impact on the jury when it was "literally the final piece of evidence admitted in the case"). Thus, the improper admission of the video from Defendant's pending case likely discredited his testimony. As such, there is a reasonable probability that it contributed to his conviction. *See State v. Marquez*, 2021-NMCA-046, ¶ 34, 495 P.3d 1150 ("Given the centrality of credibility in this case and the nature and emphasis placed on the erroneously admitted evidence, we conclude there is a reasonable probability the error affected the jury's verdict in this case."). Therefore, the error was not harmless and we reverse Defendant's conviction.

### III. Defendant's Conviction for Battery Upon a Peace Officer Is Supported by Sufficient Evidence

**{22}** We next address Defendant's sufficiency of the evidence challenge, because whether the proper remedy is dismissal of the charge or retrial upon remand is dependent on the sufficiency of the State's evidence. *See State v. Garcia*, 2019-NMCA-056, ¶ 17, 450 P.3d 418. If the evidence is insufficient to support Defendant's conviction, double jeopardy bars retrial. *See id.* Applying our well-established framework for determining sufficiency of the evidence, *see State v. Ford*, 2019-NMCA-073, ¶¶ 7-8, 453 P.3d 471, we hold that the State presented sufficient evidence to convict Defendant.

**{23}** Defendant claims that there was insufficient evidence to convict him of battery on a peace officer, only disputing that the State failed to prove the intent element of the crime. The jury was instructed, in relevant part, that the State must prove beyond a reasonable doubt that "[D]efendant intentionally touched or applied force to Corporal . . . Freeman by kicking him in the chest." *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{24}** The State presented testimony evidence that Defendant had shown "clear signs" that he wanted to fight officers, in part, by clenching his fists prior to being handcuffed. Corporal Freeman also testified that prior to being placed in the police vehicle, Defendant had been yelling at officers, screaming, and resisting. Corporal Freeman also testified that Defendant kicked him in the chest by clearly extending his left leg and hitting him with his left foot, after saying, "I'm going to fuck you up." The State also presented evidence that Defendant had been "extremely agitated" and was "issuing threats" to the officers before swinging his leg out toward Corporal Freeman.

**{25}** In addition to this testimony, the State admitted into evidence videos from that evening and the incident itself. Immediately prior to kicking Corporal Freeman, Defendant is heard on video saying, "You motherfucking pussy. When I get out of these cuffs, I'm going to fuck you up." The jury was able to view for itself Defendant's behavior

that evening and the events leading up to the officers placing the hobble on his legs and ultimately, when Corporal Freeman stated he was kicked.

**{26}**     Defendant's sole argument on appeal is that he testified that it was an accident, and therefore the State failed to prove the intent element. The jury was free to reject Defendant's claim that the kick was accidental and not intentional. *See Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *see also State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses." (alteration, internal quotation marks, and citation omitted)).

**{27}**     Viewing the evidence in the light most favorable to the jury verdict, we hold there is sufficient evidence to support a finding that Defendant intentionally kicked Corporal Freeman and thus, to convict Defendant. *See Ford*, 2019-NMCA-073, ¶¶ 7-8.

**CONCLUSION**

**{28}**     We reverse and remand for further proceedings consistent with this opinion.

**{29}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**